936 So.2d 875 (2006)
Joseph Lee AMOS, Plaintiff-Appellant
v.
LOUISIANA MEDICAL MUTUAL INSURANCE COMPANY and Dr. Rebecca Crouch, Defendants-Appellees.
No. 41,302-CA.
Court of Appeal of Louisiana, Second Circuit.
August 4, 2006.
*876 Christopher T. Lee, for Appellants.
McLeod Verlander by: David E. Verlander, III, Monroe, for Appellees.
Before STEWART, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Plaintiffs seek reversal of the trial court's ruling granting Defendants' motion for summary judgment and dismissing Plaintiffs' claims. For the reasons stated herein, the judgment of the trial court is hereby reversed and the matter remanded for further proceedings.

FACTS
On April 26, 2003, Joseph Lee Amos filed a medical malpractice lawsuit against Dr. Rebecca L. Crouch, a general surgeon practicing in Jackson Parish, Louisiana, and her medical malpractice insurer, Louisiana Medical Mutual Insurance Company ("LAMMICO"). The petition alleges that Mr. Amos began treating with Dr. Crouch on April 12, 1999, when he presented with, among other things, occasional bleeding after bowel movements. According to the petition, Mr. Amos continued to complain of similar symptoms in his subsequent visits to Dr. Crouch through the early part of the year 2000. In the spring of 2000, while under the care of a different doctor, Mr. Amos was diagnosed with colorectal cancer, which required surgery and a permanent colostomy. The petition claims that Dr. Crouch breached the standard of care in failing to recommend and conduct the *877 proper diagnostic testing called for by Mr. Amos' symptoms, which delayed an accurate diagnosis and treatment of his disease.
Prior to filing the petition, the case was submitted to a medical review panel which rendered the following opinion on February 3, 2003:
There are material issues of fact not requiring expert opinion bearing upon liability for consideration by the court, namely:
(1) In April 1999, when patient presented with history of occasionally bleeding after bowel movement for the previous several months, it is the standard of care for a general surgeon to have ordered a barium enema with proctoscopy or a complete colonoscopy, especially in light of the fact that Dr. Crouch was unable to fully do a digital rectal exam. This panel notes that there is a dispute between Mr. Amos and Dr. Crouch as to whether she recommended but he declined a colonoscopy. If the patient is found not to have declined a proctoscopy or colonoscopy, then simply having a barium enema to diagnose possible colo-rectal cancer was insufficient. However, if Dr. Crouch is found to have recommended a colonoscopy and/or proctoscopy, then it is not her fault that the patient declined same.
(2) On subsequent visits with the patient continuing to have complaints of some rectal bleeding and rectal pain, it is the standard of care to have recommended further evaluation and diagnostic tests. Based upon the affidavits of Mr. Amos and Dr. Crouch, there are material disputes as to whether said tests were recommended and/or declined.
On July 23, 2003, Mr. Amos' three children, Katrina Cothran, Joel Amos and Cheryl Scott, filed a supplemental and amending petition substituting themselves as plaintiffs for their father who they allege died on May 3, 2003. Mr. Amos died from causes unrelated to the colorectal cancer. Dr. Crouch and LAMMICO filed answers generally denying the allegations of malpractice in Plaintiffs' original and supplemental and amending petitions. While Defendants acknowledged that Mr. Amos had been treated by Dr. Crouch, that he had reported the presence of blood following bowel movements and that he was subsequently diagnosed with cancer, they asserted that the proper diagnostic testing was recommended but refused by Mr. Amos.
On December 30, 2004, Dr. Crouch and LAMMICO filed a motion for summary judgment on the basis that no genuine issue of material fact exists as to whether Dr. Crouch recommended the proper diagnostic testing. Defendants submitted the medical review panel's opinion and then argued that Plaintiffs, as a result of Mr. Amos' death, would be unable to present any affirmative evidence in support of the contention that Dr. Crouch failed to make the appropriate testing recommendations. They also submitted the deposition testimony of Dr. Crouch and a copy of the medical records relating to her treatment of Mr. Amos.
The medical records reflect that Mr. Amos began treatment with Dr. Crouch on April 12, 1999. During the course of his first visit, Mr. Amos indicated that he had occasional bleeding after bowel movements. Following a digital rectal exam, during which the patient was unable to relax, Dr. Crouch tested matter collected from the examination glove for the presence of blood. When the test came back positive, the records reflect that Dr. *878 Crouch recommended that Mr. Amos undergo a barium enema and that he agreed to same. Dr. Crouch's notes do not reflect that Mr. Amos was reluctant to undergo the test. Mr. Amos underwent the barium enema on April 15, 1999, and the records reflect that the results were "unremarkable."
After this initial exam, Mr. Amos returned to see Dr. Crouch on June 7, 1999, September 7, 1999, November 30, 1999, and January 3, 2000. During the June 7, 1999 visit, Dr. Crouch prescribed Proctofoam HC "per rectum," but noted that, "if no relief with this needs proctoscopy." During the November 30, 1999 visit, Dr. Crouch noted that the patient complained of seeing blood when wiping after bowel movements. The chart notes that she discussed with him the need to test for the presence of blood in his stool, but that Mr. Amos refused the tests because he was certain the blood seen was not in his stool. Nowhere in the medical records is it recorded that Dr. Crouch recommended to Mr. Amos the need for him to undergo a proctoscopy or colonoscopy and/or that he refused to undergo such a test.
On May 1, 2000, Dr. Crouch made the following entry on Mr. Amos' medical record:
5/1/00 Patient phoned today about his job as cleaner for the office. He states he has been ill from radiation therapy [and] chemotherapy for rectal tumor. It seems that after he refused any further w/u here for the hematest [and] stools he went to a doctor in Ruston and had some type of scope. The tumor was evidently found then. He refused surgery and has been having chemotherapy and radiation therapy. Informed him that this constitutes change in doctors and termination of the patient/doctor relationship. He insists it does not and he will come back here when the radiation therapy is finished.
Despite the absence of any express indication in Mr. Amos' medical records to the effect that he was informed of the need to undergo either a proctoscopy or colonoscopy, Dr. Crouch testified in her deposition that she did make these recommendations and that Mr. Amos refused to undergo the tests. Accordingly, Defendants asserted that summary judgment is appropriate because Plaintiffs will be unable to affirmatively prove that Dr. Crouch failed to make the testing recommendation.
In opposing the motion for summary judgment, Plaintiffs submitted the affidavit of Mr. Amos, which was prepared during the panel review process. In the affidavit, Mr. Amos attested to the fact that Dr. Crouch never discussed the possibility that his symptoms could be a sign of cancer, that she never mentioned the word colonoscopy and that she cancelled all further testing once she received the results of the barium enema. They also submitted the deposition testimony of one of the review panel members, Dr. William Sartor. In his testimony, Dr. Sartor agreed that the allegation that the proper testing recommendations were made and refused is not reflected in Dr. Crouch's notes and that the only evidence of same is her independent recollection. Lastly, Defendants submitted the affidavit of Mr. Amos' daughter, Katrina Cothran, who attested to the close contact she maintained with her father and that he never mentioned that Dr. Crouch had discussed the possibility of cancer with him or recommended additional testing.
Prior to and at the hearing on the motion for summary judgment, Defendants argued that Mr. Amos' affidavit did not constitute competent summary judgment evidence because an affidavit must set forth facts that would be admissible at trial. Since the affidavit itself would be *879 inadmissible hearsay and Mr. Amos is deceased, Defendants contend that the assertions made in the affidavit would be inadmissible. The motion for summary judgment came for hearing on September 15, 2005. After hearing arguments, the trial court granted the motion for summary judgment. The trial court gave no indication of whether it considered Mr. Amos' affidavit in rendering its ruling. A final judgment was signed on November 17, 2005. This appeal ensued.

DISCUSSION
On appeal, Plaintiffs argue that the trial court erred in granting summary judgment because Mr. Amos' affidavit is admissible under the Louisiana Code of Evidence and should have been considered in opposition to Defendants' motion. Since we find that a genuine issue of material fact precluding summary judgment exists regardless of the allegations made in Mr. Amos' affidavit, we do not address the question posed in the Appellants' brief.
In determining whether summary judgment is appropriate, appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is proper. Suire v. Lafayette City-Parish Consol. Government, 04-1459 (La.4/12/05), 907 So.2d 37. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The supreme court has recognized that a "genuine issue" is a "triable issue," an issue on which reasonable persons could disagree. Champagne v. Ward, 03-3211 (La.1/19/05), 893 So.2d 773. A fact is material for summary judgment purposes when its existence or nonexistence may be essential to claimant's cause of action under the applicable theory of recovery. La. C.C.P. art. 966; NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App. 2d Cir.8/21/96), 679 So.2d 477. Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. Knowles v. McCright's Pharmacy, Inc., 34,559 (La.App. 2d Cir.4/4/01), 785 So.2d 101.
Considering only that evidence which is undisputed, this record reflects that Mr. Amos was treated by Dr. Crouch between April 1999 and January 2000, during which time Mr. Amos repeatedly complained of the presence of blood during his bowel movements. The medical review panel that considered this matter clearly stated that the standard of care in such circumstances called for the treating physician to recommend that the patient undergo a proctoscopy or colonoscopy to eliminate cancer as the potential cause of the bleeding. While Dr. Crouch's records reflect her recommendation of various tests and the patient's acquiescence or refusal to undergo same, they do not reflect that she ever recommended a proctoscopy or colonoscopy. On the other hand, the record contains Dr. Crouch's deposition wherein she asserts that she did recommend these tests, but that Mr. Amos refused them.
To establish their medical malpractice claim, Plaintiffs must prove the elements thereof by a preponderance of the evidence. Campbell v. Hospital Serv. Dist. No. 1 Caldwell Parish, 37,876 (La. *880 App. 2d Cir.12/10/03), 862 So.2d 338, writ denied, 04-0069 (La.3/19/04), 869 So.2d 852. If they fail to prove any one element by a preponderance of the evidence, the defendant is not liable. Perkins v. Entergy Corp., 00-1372 (La.3/23/01), 782 So.2d 606. Proof is sufficient to constitute a preponderance of the evidence when the entirety of the evidence, both direct and circumstantial, establishes the fact or causation sought to be proved is more probable than not. Cay v. State, Dept. of Transp. and Development, 93-0887 (La.1/14/94), 631 So.2d 393.
It is well established that circumstantial evidence can be used to defeat a motion for summary judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226. Circumstantial evidence is evidence which, if believed, proves a fact, and from that fact you may logically and reasonably conclude that another fact exists. Use of circumstantial evidence and the deductions and inferences arising therefrom is a common process for establishing liability in negligence cases. Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654 (La.1989).
The absence in Mr. Amos' medical records of any notations indicating that Dr. Crouch recommended he undergo either a proctoscopy or colonoscopy is circumstantial evidence from which the trier of fact could reasonably conclude that Dr. Crouch never made any such recommendations. Regardless of whether one considers the contents of Mr. Amos' affidavit, we find that the evidence before the trial court established a genuine issue of fact as to whether Dr. Crouch made the appropriate testing recommendation to Mr. Amos under the circumstances. As noted in the medical review panel's opinion, whether or not she did is a material fact in determining whether the standard of care was breached. In summary, our de novo review of the record reveals that genuine issues of fact prohibit summary judgment in favor of Defendants. The trial court's judgment granting the motion was improper and must be reversed.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Defendants, Dr. Rebecca L. Crouch and the Louisiana Medical Mutual Insurance Company, is reversed. The matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Defendants in this case.
REVERSED AND REMANDED.