# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-33

**THE HERBERT AND LULA MARIE FUSILIER
REVOCABLE LIVING TRUST**

**VERSUS**

**ENLINK NGL PIPELINE, LP**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-20-16
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**REVERSED.**

**Timothy O'Dowd**
**Attorney at Law**
**921 Ryan St., Suite D**
**Lake Charles, LA 70601**
**(337) 310-2304**
**COUNSEL FOR PLAINTIFF-APPELLANT**
    **The Herbert and Lula Marie Fusilier Revocable Living Trust**

**James C. Percy**
**Jones Walker LLP**
**8555 United Plaza Blvd., 5th Floor**
**Baton Rouge, LA 70809**
**(225) 248-2000**
**COUNSEL FOR DEFENDANT-APPELLEE**
    **EnLink NGL Pipeline, LP**

**Brett S. Venn**
**Jones Walker LLP**
**201 St. Charles Ave., 50th Floor**
**New Orleans, LA 70170**
**(504) 582-8000**
**COUNSEL FOR DEFENDANT-APPELLEE**
    **EnLink NGL Pipeline, LP**

**PICKETT, Judge.**

The plaintiff in this suit for declaratory action appeals the trial court's grant of summary judgment in favor of the grantee of a pipeline right-of-way, dismissing his claim that the right-of-way is invalid because the grantor of the right-of-way lacked the necessary mental capacity to grant the right-of-way. For the reasons discussed below, we reverse the judgment.

## FACTS

Johnny Fusilier is the son of Herbert and Lula Fusilier, who are now deceased. Prior to their death, Herbert and Lula established The Herbert Fusilier and Lula Marie Fusilier Revocable Trust (the Trust), which consisted of a trust for Herbert and Lula and four sub-trusts, one trust for the benefit of each of their four children. Lula died in 2004, and Herbert remarried after her death. In 2009, he went to live in a nursing home. In March 2011, Johnny filed suit against Herbert to be declared the trustee of the sub-trust established for his benefit. On November 11, 2011, a judgment was signed appointing Johnny trustee as he had requested.

Under the terms of the Trust, Herbert was a settlor and trustee, and he had broad authority to sell, mortgage, lease, or otherwise contract with regard to the trust property. In May 2012 and August 2012,[1] Herbert executed a Right-of-Way and Servitude Agreement (the Agreement) in favor EnLink NGL Pipeline, LP that authorized EnLink to construct a pipeline across property owned by the Trust.

Herbert died in January 2013, and in January 2016, Johnny, as sole trustee of the Trust, filed suit against EnLink, seeking to have the Agreement declared null

---

[1] On May 9, 2012, Herbert signed an Agreement that incorrectly identified him as "Herbert James Fusilier," then on August 28, 2012, he signed another form of the Agreement that correctly identified him as "Herbert Fusilier."

and to be awarded damages for trespass occasioned by the construction and maintenance of the pipeline across the Trust property. Johnny alleged in his suit that Herbert did not have the mental capacity to negotiate and contract with EnLink when he executed the Agreement.

EnLink filed a motion for summary judgment, asserting that its representative who had Herbert execute the Agreement did not know and had no reason to know that Herbert did not have the capacity to execute the Agreement when he did and seeking dismissal of Johnny's claims. EnLink supported the motion with affidavits of Trey Ellison, the leasing agent who met with Herbert to have the Agreement executed, and Claude J. Gotreaux, a friend of Herbert's who had his power of attorney; excerpts of the depositions of Mr. Ellison and Mr. Gotreaux; and other evidence. Mr. Ellison testified that he negotiated the Agreement with Mr. Gotreaux, who then explained it to Herbert. Mr. Gotreaux went with Mr. Ellison to the nursing home to meet with Herbert and have him sign the Agreement.

Johnny opposed the motion, arguing that allegations in his 2011 suit that he sought to be named trustee of his sub-trust because Herbert was incompetent and should be interdicted together with Herbert's medical records created a genuine issue of material fact as to whether Mr. Ellison should have known that Herbert lacked the mental capacity to contract when he signed the Agreement.

After a hearing on the motion, the trial court granted summary judgment in favor of EnLink and dismissed Johnny's suit with prejudice. Johnny appealed.

2

## ASSIGNMENTS OF ERROR

Johnny assigns four errors with the trial court proceeding for our review:

1. By demanding that a "deposition" or "affidavit" be submitted to contradict the evidence submitted with the defendant's Motion for Summary Judgment and disregarding the circumstantial evidence submitted, the trial court commit [sic] reversible error.

2. The trial court committed reversible error by weighing the evidence.

3. The trial court committed reversible error in its application of La.Code Civ. [a]rt. 1925.

4. The trial court committed reversible error by failing to require [EnLink] to overcome the presumption that Herbert's lack of reason could not have been unknown to [EnLink's] agent.

## DISCUSSION

Appellate courts review summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. In order to prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that he "is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3); *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p. 4 (La. 11/29/06), 950 So.2d 544, 547. "A fact is 'material' when its existence or nonexistence may be essential to [the] plaintiff's cause of action." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 8 (La. 7/2/12), 94 So.3d 750, 755.

3

When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, p. 11 (La. 4/12/05), 907 So.2d 37, 48). Moreover, although summary judgments are now favored, "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

EnLink has the burden of proof on its motion for summary judgment, but it will not have the burden of proof at trial. La.Code Civ.P. art. 966(D)(1). Therefore, it need only establish that Johnny lacked support for one or more elements required to establish his claim. *Id.* If EnLink satisfies its burden on the motion, Johnny must "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.* Otherwise, his opposition fails.

Louisiana Civil Code Article 1918 provides that "[a]ll persons have capacity to contract, except unemancipated minors, interdicts, and persons deprived of reason at the time of contracting." Therefore, unless one of these three special exceptions is shown to apply, all persons are presumed to have the capacity to contract. *Skannal v. Bamburg*, 44,820 (La.App. 2 Cir. 1/27/10), 33 So.3d 227. "A contract made by a person without legal capacity is relatively null and may be rescinded only at the request of that person or his legal representative." La.Civ.Code art. 1919. A person who is not interdicted but lacked capacity to contract when he entered into a contract can only have a contract rescinded

because he lacked capacity by "showing that the other party knew or should have known that person's incapacity." La.Civ.Code art. 1925.

The party challenging capacity must prove his claim by clear and convincing evidence. *Florida v. Stokes*, 05-2004 (La.App. 1 Cir. 9/20/06), 944 So.2d 598. To meet this burden, the challenger must show that "the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence." *Webb v. Webb*, 28,411, p. 6 (La.App. 2 Cir. 6/26/96), 677 So.2d 630, 634, *writ denied*, 96-2274 (La. 11/15/96), 682 So.2d 774.

EnLink introduced the affidavits and excerpts of the deposition testimony of Mr. Gotreaux and Mr. Ellison in which both men aver that: 1) they did not know Herbert did not have the capacity to contract; 2) Herbert pointed out the first Agreement he signed misstated his name as "Herbert James Fusilier," which necessitated that he sign the second Agreement to correct the error; and 3) Herbert did not exhibit any signs or behavior that caused them to question whether he had the capacity to contract when they visited with him and executed the Agreement. Mr. Gotreaux further testified in his deposition that he regularly visited with Herbert and that through the date of his death, Herbert never exhibited any signs of not understanding him when they visited.

Johnny introduced his affidavit, his pleadings in which he alleged that Herbert should be interdicted, certified medical records of the nursing homes where Herbert resided from 2009 through the date of his death, and certified records of the Department of Health and Hospitals regarding complaints of elder abuse against Herbert while he was a resident at LandMark.

5

When ruling on the motion for summary judgment, the trial court stated:

> The question is: Is there a fact issue? Did EnLink know or should have known? There's been no testimony – I mean, no deposition, no affidavit of anybody there in the discussions that have been provided to show that . . . they should have known, okay, or they did know that he was incapacitated at the time. I don't think there's an issue of material fact.

Johnny first argues that the trial court erred in not considering Herbert's medical records and in not considering those records as circumstantial evidence supporting his claim that Herbert lacked capacity. He also urges that the trial court erred in weighing the evidence. The trial court did not indicate whether it did or did not consider Herbert's medical records or that it did or did not weigh the evidence introduced in support of and in opposition to the motion for summary judgment. These assertions are reasonable, however, under the facts, and Johnny is correct as to the stated legal tenets.

Pursuant to La.Code Civ.P. art. 966(A)(4), certified medical records can be used to oppose a motion for summary judgment, and medical records may constitute circumstantial evidence sufficient to establish that a genuine issue of material fact exists for purposes of summary judgment. *Amos v. Louisiana Med. Mut. Ins. Co.*, 41,302 (La.App. 2 Cir. 8/4/06), 936 So.2d 875. *See also Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

Johnny also contends that the trial court erred in applying La.Civ.Code art. 1925 to his claims against EnLink. He argues that because Herbert is not the one trying to rescind the Agreement, Article 1925 does not apply, and that applicable provisions of the Trust must be used to determine what is required to rescind the Agreement. The Trust provides that a person ceases to qualify as trustee upon his death or incapacity; therefore, Johnny argues that he need only prove that Herbert

6

lacked mental capacity to contract when he signed the Agreement. He cites no jurisprudence, code article, or treatise discussion that supports his argument.

The Louisiana Trust Code defines who may serve as a trustee to include a "natural person enjoying full capacity to contract." La.R.S. 9:1783(A)(1). Comment (B) of the 1964 Comments to Section 1783 states: "Capacity to contract is governed by Arts. 1780-1796 [see, now, 1918 to 1926], R.C.C." Accordingly, we find no error with the trial court's conclusion that La.Civ.Code art. 1925 governs Johnny's claims against EnLink.

We now consider the merits of EnLink's motion for summary judgment. EnLink argues that it established through the testimony of Mr. Gotreaux and Mr. Ellison that Mr. Ellison had no reason to suspect that Herbert did not have the mental capacity to understand the Agreement when he executed it in May and August. It further argues that Johnny's opposing evidence is insufficient to carry his evidentiary burden of proof at trial; therefore, no genuine issue of material fact exists.

Herbert's certified medical records show that he was diagnosed with dementia in early 2010 and that his dementia progressively worsened thereafter. On May 11, 2011, Herbert's records documented that his thought process was consistent with advanced dementia; his diagnosis was stated as senile dementia with delusional features. On November 21, 2011, Herbert's physician noted that he was "far too impaired to participate in legal issues or know what he is signing." An examination performed that day documented Herbert's thought process, thought content, and cognition as being consistent with advancing dementia, which was described as "moderate, severe –worsening." On May 7, 2012, just two days before Herbert first signed the Agreement, his records documented his thought

7

process as disorganized and consistent with advancing dementia and that he had impaired abstract thinking, cognition, and judgment due to dementia. In late July 2012, Herbert's judgment and cognition were documented as being severely impaired, and a change in his medication was not discussed with him because he was deemed "too impaired to comprehend." These are only some of the examples documenting Herbert's failing mental health.

The Department of Health and Hospitals records show that the day Herbert signed the corrected version of the Agreement, a claim of abuse was lodged with the agency. The reporter stated that Herbert was "very confused and unable to make decisions. The [power of attorney] . . . kept bringing man from attorney's office to have client sign papers he doesn't understand what is being signed." An investigation was performed, but the agency investigator could not interview Herbert because his memory was impaired. The investigator assessed Herbert as being at a high risk of harm and determined his ability to make informed decisions was "inadequate."

EnLink's burden of proof on its motion for summary judgment is to show that "reasonable persons could reach only one conclusion" regarding its claim that it did not know or should not have known that Herbert lacked the capacity to contract. *Smitko*, 94 So.3d at 755. Although Johnny's burden of proof on his claims is high, construing all factual inferences reasonably drawn from the evidence and resolving all doubt in Johnny's favor, we find that Herbert's medical records show a genuine issue of material fact exists as to whether or not Herbert's mental condition was such that Mr. Ellison and Mr. Gotreaux should have known that he did not have the mental capacity to comprehend and negotiate the

8

Agreement. Accordingly, we reverse the trial court's grant of summary judgment in favor of EnLink.

EnLink cites the cases of *Rabin v. Blazas*, 537 So.2d 221 (La.App. 4 Cir. 1988) and *Julius Cohen Jeweler, Inc. v. Succession of Jumonville*, 506 So.2d 535 (La.App. 1 Cir.), *writ denied*, 511 So.2d 1155 (La.1987), in support of its motion. These cases do not support EnLink's claims because both cases were appealed after a trial on the merits, and more importantly, because no medical evidence pertaining to capacity, or lack thereof, was at issue in either case.[2]

## DISPOSITION

For the reasons discussed herein, the trial court's judgment granting summary judgment in favor of EnLink NGL Pipeline, LP and dismissing Johnny Fusilier's claims against it is reversed. All costs are assessed to EnLink NGL Pipeline, LP.

**REVERSED.**

---

[2] In *Succession of Jumonville*, 506 So.2d 535, the Succession sought to have a contract to purchase jewelry declared null. A doctor's affidavit introduced to support the Succession's claim that the decedent did not have the capacity to enter the contract was deemed inadmissible as hearsay under then applicable jurisprudence.