NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-124

TASHON COOPER

VERSUS

ALBERTSONS COMPANIES, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2016-6540
HONORABLE JOHN TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

Saunders, J., dissents and assigns written reasons.

AFFIRMED.

John P. Wolff, III
Tori S. Bowling
Keogh, Cox & Wilson, Ltd.
701 Main Street
Baton Rouge, LA 70802
(225) 383-3796
COUNSEL FOR DEFENDANT-APPELLEE:
        Albertsons Companies, LLC

**Chad M. Ikerd**
**Ikerd Law Firm, LLC**
**P.O.Box 21250**
**Lafayette, LA 70502**
**(337) 366-8994**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Tashon Cooper**

**PICKETT, Judge.**

The plaintiff appeals the trial court's judgment granting the defendant merchant's motion for summary judgment and dismissing his claims for injuries he suffered when he slipped on a liquid on the defendant merchant's floor while delivering merchandise.

## FACTS

On December 14, 2015, Tashon Cooper slipped and fell to his knees when he was delivering prescription medication to the pharmacy inside an Albertsons store in Lafayette. Mr. Cooper is an independent contractor who delivers pharmaceuticals to pharmacies. He was pushing a dolly loaded with boxes of medication when he slipped and fell to his knees. He did not see what caused him to slip, but as he stood from the floor, he noticed that the knees of his pants were wet and smelled the odor of vinegar. Mr. Cooper completed his delivery to the Albertsons' pharmacy as usual and left the store to complete his deliveries for the day. He returned to Albertsons later that day to report his accident and complete an accident report.

Linda Chaisson, a former Albertsons employee, was working in the international deli/meat department near where Mr. Cooper fell. She did not see him before he fell but heard noise when he fell and went to offer him assistance. She also described the liquid that Mr. Cooper slipped on as being clear and smelling like vinegar. She denied seeing the clear liquid on the floor before Mr. Cooper fell, testifying the she did not see anything on the floor until she approached him and noticed the liquid on the floor. She explained that the liquid was clear and only became visible to her at a certain angle as she neared Mr. Cooper. She did not smell the vinegar odor of the liquid until she assisted Mr. Cooper.

Mr. Cooper filed suit against Albertsons Companies LLC, seeking damages for the injuries to his knees. After performing discovery, Albertsons filed a motion for summary judgment, seeking dismissal of Mr. Cooper's claims against it. Albertsons

argued Mr. Cooper could not satisfy his burden of proving that it was liable to him under La.R.S. 9:2800.6, commonly referred to as the merchant liability statute. Albertsons argued it was entitled to summary judgment because Mr. Cooper could not show that it had actual notice of the liquid on which he slipped being on the floor, caused the liquid to be on the floor, or had constructive notice of the liquid being on the floor before he fell as required by La.R.S. 9:2800.6. After conducting a hearing, the trial court granted Albertsons' motion and rendered judgment dismissing Mr. Cooper's claims. Mr. Cooper appealed.

## ASSIGNED ERROR

Mr. Cooper asserts "[t]he trial court erred in granting Albertsons' motion for summary judgment" because based on the evidence before the court, "[n]umerous disputed factual issues . . . material to determining whether Albertsons was liable either for an employee creating the hazardous conditions or for having constructive notice of the liquid on the floor before Tashon Cooper's fall" exist.

## STANDARD OF REVIEW

Appellate courts review summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. To succeed on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that he "is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action[.]" *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

The burden of proof rests with the mover. La.Code Civ.P. art. 966(D)(1). If, however, the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover is not required to negate all essential elements of the adverse party's claim, action, or defense. *Id.* Instead, the mover is only required to show the absence of factual support for one or more

2

elements essential to the adverse party's claim, action, or defense. *Id.* The adverse party must then produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

There is no direct evidence of how the liquid on which Mr. Cooper slipped came to be on the floor. Circumstantial evidence may establish the existence of a genuine issue of material fact to defeat summary judgment. *Herbert & Lula Marie Fusilier Revocable Living Tr. v. EnLink NGL Pipeline, LP*, 17-33 (La.App. 3 Cir. 5/24/17), 220 So.3d 904, *writ denied*, 17-1432 (La. 11/6/17), 229 So.3d 474. When circumstantial evidence is relied upon, taken as a whole, it "must exclude every other reasonable hypothesis with a fair amount of certainty." *Rando v. Anco Insulations Inc.*, 08-1163, p. 33 (La. 5/22/09), 16 So.3d 1065, 1090. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, but "[m]ere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact." *Sears v. Home Depot, USA, Inc.*, 06-201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168.

When considering a motion for summary judgment, courts are not to evaluate the weight of the evidence but to determine whether there is a genuine issue of triable fact. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764.

### DISCUSSION

Mr. Cooper's burden of proving his claims against Albertsons is set forth in La.R.S. 9:2800.6, which provides, in pertinent part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In its motion for summary judgment, Albertsons urges that Mr. Cooper has failed to show that he can satisfy his burden of proof under La.R.S. 9:2800.6. Specifically, it argues that Mr. Cooper cannot prove that it caused the liquid on which he slipped to be on the floor or that it had constructive notice of the liquid being on the floor before he slipped. Mr. Cooper acknowledged at the summary judgment hearing that Albertsons did not have actual notice of the liquid before he slipped. Therefore, the issues herein are whether a genuine issue of material fact exists as to whether Albertsons created the spill or had constructive knowledge of the spill before Mr. Cooper fell.

### *Did Albertsons Create the Spill?*

To prove a merchant created a condition that caused an accident, a plaintiff must present "proof that the merchant is directly responsible for the spill or other hazardous condition." *Ross v. Schwegmann Giant Super Markets, Inc.*, 98-1036, p. 5 (La.App. 1 Cir. 5/14/99), 734 So.2d 910, 913, *writ denied*, 99-1741 (La. 10/1/99), 748 So.2d 444. Albertsons argues that Mr. Cooper's evidence fails to create a show that a genuine issue of material fact exists as to whether it caused the liquid on which he slipped to be on the floor.

Mr. Cooper argues to the contrary that the following facts create an inference sufficient to establish that genuine issues of material fact exist as to whether Albertsons caused the liquid to be on the floor: (1) the liquid smelled like vinegar and was in close proximity to products which contain vinegar; (2) after he fell, Mr. Cooper

noticed a large puddle of liquid followed by a number of smaller puddles, indicating liquid leaked from something that was stationary then was moved; (3) Albertsons, not the vendors of the products from which the liquid most likely leaked, is responsible for stocking these products; (4) Albertsons performs most stocking tasks when it is not open to customers but, if needed, products are stocked when customers are in the store, and (5) no glass was on the floor near the liquid. He contends this evidence is sufficient to support an inference that a product leaked while shelves were being stocked by an Albertsons employee, which created the dangerous condition in this case. Therefore, a genuine issue of material fact exists and summary judgment should be denied.

In *Ross*, *Id.*, the plaintiff slipped and fell on crabmeat salad which the merchant was promoting by providing free samples. She argued that because the merchant provided the samples and its employees kept the crabmeat salad replenished, the evidence inferred that the crab salad on which she slipped had been dropped by one of the merchant's employees. The court rejected this contention, noting the evidence did not show how the salad came to be on the floor or how long it had been there. Because there was no evidence the crab salad was on the floor due to an act by a store employee, the court determined there was no issue of fact that the store caused it to be on the floor and affirmed the trial court's grant of summary judgment in favor of the merchant.

*Held v. Home Depot, U.S.A.*, 16-1252 (La. App. 1 Cir. 6/2/17), 2017 WL 2399018, rejected a similar argument. In *Held*, the plaintiff fell over a hand truck that was protruding into the aisle. The plaintiff opposed Home Depot's motion for summary judgment with evidence establishing that the hand trucks are stored on the electrical aisle, where the plaintiff fell, and are used by Home Depot employees to move rolls of wire shelved and stored in that area to a machine that cuts the wire. Only Home Depot employees are supposed to use the hand trucks, and a

5

representative of the store testified he had never seen a customer use one.  At the time of the accident, two hand trucks were on the aisle, one properly stored with the forks under a shelf, while the other, which caused the accident, was upright in the aisle with its forks protruding into the walkway.  The plaintiff argued the court should infer from this evidence that a Home Depot employee created the unreasonable risk of harm.  The court rejected the plaintiff's argument and affirmed the summary judgment, concluding the plaintiff did not produce evidence that established Home Depot created a condition presenting an unreasonable risk of harm.  The court explained:

> "Accepting [the plaintiff's] allegation that the wire hand truck was mispositioned in Aisle 7, and not positioned with the forks under the shelf, we cannot reasonably infer that a Home Depot employee was directly responsible for a hazardous condition. There is no evidence as to how the wire hand truck came to be mispositioned.  The fact that two wire hand trucks were on Aisle 7 at the time of the accident is not proof that a Home Depot employee improperly positioned one of them. The fact that only a Home Depot employee is supposed to use the wire hand trucks is not sufficient proof that a Home Depot employee was the only person who could have moved the wire hand truck before the accident . . . . [The plaintiff's] argument is based on speculation, rather than on fact, and is not sufficient to defeat summary judgment.

*Held*, 2017 WL 2399018 at p. 4 (citations omitted).

There is no evidence that Albertsons employees stocked any shelves the morning of Mr. Cooper's fall or that any employee performed any work in an area near the spill before he fell.  Consequently, Mr. Cooper has presented less evidence showing that an Albertsons employee created the spill on which he fell than the plaintiffs in *Ross* and *Held* presented.  There is simply no evidence from which to infer that the spill was caused by Albertsons.

### Did Albertsons have Constructive Notice of the Spill?

Albertsons next argues Mr. Cooper presented no evidence sufficient to carry his burden of proving that it had constructive notice of the liquid being on the floor before he fell.  Our supreme court has determined that Mr. Cooper must show that the liquid was on the floor for a period of time to carry this burden.  *White v. Wal-Mart Stores,*

6

*Inc.*, 97-393 (La. 9/9/97), 699 So.2d 1081. Discussing this requirement, the court held that whether a merchant had sufficient time to discover a dangerous condition is a question of fact. Nonetheless, the court determined it is not enough for a plaintiff to simply show that the dangerous condition existed; he must also show that it existed for a period of time before the plaintiff fell. "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Id*. at 1084-85. Failure to make a showing of how long the dangerous condition existed is fatal to a plaintiff's claim. *Id.*

Mr. Cooper has not presented any evidence showing how long the liquid had been on the floor. He argues, however, that because the spill consisted of a number of spots of liquid varying in size, some of which were estimated to be the size of a baseball; trailed over a span of two aisles; and required almost twenty minutes to clean, the evidence supports an inference that the spill existed for some period of time before he slipped.

In *Fountain v. Wal-Mart Stores, Inc.*, 19-669, p. 8 (La.App. 3 Cir. 3/18/20), 297 So.3d 100, 107, another panel of this court rejected a plaintiff's argument that due to the large size of the puddle of water on which he slipped (six to eight feet in one direction and eight to ten feet in the other direction), "Wal-Mart knew or should have known of the water on the floor before the accident[,]" explaining that a plaintiff must provide evidence as to how long the spill was on the floor before he slipped. "Mere speculation that a dangerous condition could have existed for some period of time 'falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial.'" *Guidry v. Brookshire Grocery Co.*, 19-1999, p. 2 (La. 2/26/20), 289 So.3d 1026, 1027 (quoting *Babin v. Winn-Dixie Louisiana, Inc.*, 00-78, p. 5 (La. 6/30/00), 764 So.2d 37, 40).

7

Mr. Cooper failed to show how long the liquid was on the floor before he slipped. The liquid he slipped on was clear, and there is no evidence showing the trail of spots was visible to anyone before he slipped or had been traversed by footsteps or grocery cart wheels or any other item, making them visible to Albertsons staff or indicating the length of time the liquid had been on the floor. Therefore, he did not carry his burden of proving that Albertsons had constructive notice of the liquid being on the floor.

## DISPOSITION

For the reasons discussed, the trial court's judgment granting summary judgment in favor of Albertsons and dismissing Tashon Cooper's claims against Albertsons is affirmed. All costs of this proceeding are assessed to Tashon Cooper.

**AFFIRMED.**

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 20-124

**TASHON COOPER**

**V.**

**ALBERTSONS COMPANIES, LLC, ET AL.**

**Saunders, J., dissents and assigns written reasons.**

I disagree with the majority's finding that summary judgment is appropriate in this case. A reasonable view of the evidence presented at the summary judgment proceeding is that Albertson's employees were in the area and could or should have seen or smelled the vinegar that had spilled on the floor had they been adequately diligent in their duty to be on lookout for foreign substances on the floor in the area. This is a factual issue and not appropriate for summary judgment.

Further, a factfinder could reach the conclusion that the spill was present long enough to impute constructive notice on Albertsons from the undisputed evidence that the spill consisted of a number of spots which varied in size and trailed over two aisles, and that the spill took nearly twenty minutes to clean. As such, this issue is not ripe for summary judgment. Accordingly, I dissent.