775 So.2d 1049 (2000)
Helen H. WILLIS, et al.
v.
David MEDDERS, et al.
No. 00-C-2507.
Supreme Court of Louisiana.
December 8, 2000.
*1050 PER CURIAM.
In this products liability action against the manufacturer of the vehicle in which plaintiff was injured as a passenger, plaintiff alleged that the vehicle had a defective seatbelt restraint system. The manufacturer moved for summary judgment on the basis that plaintiff could not establish the existence of a feasible alternative design at the time the vehicle left the manufacturer's control that would have prevented the plaintiffs injury and that the risk sought to be avoided by the alternative design outweighed the cost of adopting the design. The trial court granted summary judgment in favor of the defendant-manufacturer.
On appeal, plaintiff argued that his engineering expert's affidavit established the existence of proposed alternative designs. Plaintiff further argued that a reasonable inference could be drawn from the expert's statements that such alternative design was being used and was economically feasible at the time the product left the manufacturer's control. The court rejected these arguments, reasoning that the expert's affidavit "would have been more persuasive" if it had stated that such technology was available sufficiently in advance of the manufacture of the vehicle at issue that it would have been reasonable to expect the manufacturer-defendant to have employed such technology and had it stated which other car manufacturers were using such technology. Willis v. Medders, 99-2170 (La.App. 4th Cir.5/24/00), 765 So.2d 1093. The appellate court thus chastised the expert's affidavit as being "very vague" and containing "general statements" from which it refused to infer the specifics needed to defeat the defendant-manufacturer's summary judgment motion.
The court of appeal erred in several respects. First, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 at pp. 16-17 (La.2/29/00), 755 So.2d 226, 236 (noting the court, "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion"); See also Hebert v. St. Paul Fire and Marine Ins. Co., 99-0333 (La.App. 4th Cir.2/23/00), 757 So.2d 814, cert. denied, 00-0861 (La.5/5/00), 761 So.2d 550. Under that standard, the lower courts erred in failing to find a genuine issue of material fact created by the inferences reasonably drawn from the expert's affidavit.
*1051 Second, the appellate court erred in assessing the persuasiveness of plaintiffs expert's views on summary judgment. See Independent Fire, 99-2181, 99-2257 at p. 17 (La.2/29/00), 755 So.2d 226, 236 (noting that "the court must not attempt to evaluate the persuasiveness of competing scientific studies" on summary judgment in performing its gate keeping function). The court of appeal's focus on how the plaintiffs expert could have been "more persuasive" and on what his expert "did not say" was misplaced. Properly viewed, plaintiffs expert stated that the proposed alternative design was being used, and one could reasonably infer from his statement that such alternative was economical, i.e., satisfied the risk-utility standard.
Finally, and most importantly, when the party opposing the summary judgment motion submits expert opinion evidence that would be admissible and that is sufficient to allow a reasonable juror to conclude the expert's opinion on a material fact more likely than not is true, the court should deny the summary judgment motion. Independent Fire, supra.
Accordingly, the application is granted, the summary judgment is set aside, and the case is remanded for further proceedings.
TRAYLOR, J., dissents from the order and would deny the writ.