WICKER J.,
dissents with reasons.
hi respectfully dissent.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 00-2507 (La.12/8/00), 775 So.2d 1049, 1050. The majority is correct in its assertion that a business owner has a duty to implement reasonable measures to protect patrons from criminal acts “when those acts are foreseeable.” See, e.g., Posecai v. Wal-Mart Stores, Inc., 99-1222, (La.11/30/99), 752 So.2d 762, 766; Banks v. Hyatt Corp., 722 F.2d 214, 220 (5th Cir.1984). The majority concludes that Boomtown did not owe a duty to protect Ms. Morales from a physical altercation because a physical altercation between Ms. Morales and Ms. Thompson was not reasonably foreseeable.
In my opinion, the factual inferences drawn from Aja Washington’s testimony should preclude summary judgment for Boomtown. Ms. Washington, a Boomtown security guard, testified during her deposition that she heard “various remarks ... derogatory in nature” exchanged between EMs. Thompson and Ms. Morales. Ms. Washington also admitted that Ms. Morales asked her to summon security and that she did not do so immediately. Approximately two minutes later, Ms. Morales and Ms. Thompson became engaged in a physical altercation. However, after the altercation began, it took mere seconds for additional Boomtown security officers to respond. In addition, Ronald Robin, Boomtown’s Director of Security, testified that security officers are instructed to call security should “anything out of the ordinary [or] anything unusual” occur.
When an owner or employee of a business has or should have knowledge of a third person’s intended injurious conduct that is about to occur and which is within the power of the owner or employees to protect against, a duty to protect a patron exists. Banks v. Hyatt Corp., 722 F.2d 214, 220 (5th Cir.1984); Rodnguez v. New Orleans Public Service, Inc., 400 So.2d 884, 887-88 (La.1981). A reasonable fact-finder could have concluded that Boom-town should have known that a physical altercation was about to occur between Ms. Thompson and Ms. Morales at the time Ms. Washington heard Ms. Thompson’s derogatory remarks. I therefore believe that a genuine issue of material fact exists as to whether the confrontation between Ms. Morales and Ms. Thompson was an unforeseeable and unanticipated occurrence.
In addition, a reasonable factfinder could have concluded that Boomtown breached its duty to Ms. Morales because Ms. Washington failed to summon security *919 officers in a timely manner. I am of the opinion that a genuine issue of material fact exists as to whether Ms. Thompson’s delay in summoning security officers constitutes a breach of Boomtown’s duty to Ms. Morales. This is especially true considering that, when disturbances | soccur, Boomtown security officers are trained to summon security immediately.
For the foregoing reasons, I would reverse the judgment of the trial court and remand this matter for further proceedings.