# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-1066


GERALD ARCENEAUX

VERSUS

**MARK JOSEPH TURNER, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20155875
HONORABLE MARILYN CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Van H. Kyzar, Judges.


**REVERSED AND REMANDED.**

**Michael R. Sistrunk**
**Kyle P. Kirsch**
**E. Madison Walker**
**McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch, LLC**
**909 Poydras Street, Suite 1000**
**New Orleans, LA 70112**
**(504) 831-0946**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Axis Surplus Insurance Company**

**Dana G. Hall**
**Law Offices of Harold G. Toscano**
**400 E. Kaliste Saloom Road, Suite 8300**
**Lafayette, LA 70508**
**(337) 291-0108**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Allstate Insurance Company**
    **Mark Joseph Turner**

**Richard P. Voorhies, III**
**James F. Flinn**
**The Voorhies Law Firm**
**1100 Poydras Street, Suite 2810**
**New Orleans, LA 70163**
**(504) 876-2223**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Gerald Arceneaux**

**SAUNDERS, Judge.**

This appeal involves a granted motion for summary judgment on the lack of coverage provided by an uninsured/underinsured Motorist (UM) policy. The plaintiff contends that the policy provides coverage to him because he fits the definition of an insured under the policy. The insurance provider argues that La.R.S. 22:1295(1)(e) dictates that the policy provides no coverage to the plaintiff. The trial court granted the insurance provider's motion for summary judgment.

The plaintiff raises three assignments of error. We find merit in the argument that the vehicle in the accident is a temporary substitute vehicle, and, as such, the plaintiff is an insured for the purposes of adjudicating this summary judgment motion. This finding pretermits the remaining assignment of error. Thus, we reverse the trial court's judgment and remand the case for further proceedings.

**FACTS AND PROCEDURAL HISTORY**:

Gerald Arceneaux (Arceneaux) owns Gerald's Towing and Used Cars, Inc. (Gerald's Towing). Axis Plus Insurance Company sold Gerald's Towing a "Garage Coverage" policy that included UM coverage. The policy was in effect on November 26, 2014. On that date, Arceneaux was involved in a motor vehicle accident while driving his 2012 Ford F250 home from work at Gerald's Towing. Arceneaux's affidavit states that he was "on call" at the time of the accident and the Ford F250 was equipped with roadservice tools and equipment for any road side service request made to Gerald's Towing. It further stated that his Ford F250 was being used at the time of the accident because the Ford F450 Wrecker owned by Gerald's Towing was in need of repairs. Otherwise, the Ford F450 would be the truck used for any roadside service request made to Gerald's Towing.

Arceneaux filed an amended petition adding Axis as a defendant and alleging UM coverage. Thereafter, Axis filed a motion for summary judgment on the basis that its policy does not provide UM coverage for Arceneaux's claims.

After a hearing on the motion, the trial court granted Axis' motion for summary judgment and dismissed Arceneaux's claim against Axis. Arceneaux appeals and asserts four assignments of error.

## ASSIGNMENTS OF ERROR:

1. The Trial Court Erred in Ruling that the Ford F250 Was Being "Regularly" and/or Permanently Used by Gerald's Towing and Used Cars, Inc.; and Therefore Was Not a Temporary Substitute Vehicle for the Ford F450 Wrecker Truck.

2. The Trial Court Erred in Ruling That At the Time of the Collision Mr. Arceneaux "Was Not Going to Do Anything On Behalf of the Company;" and Therefore, the Ford F250 Was Not a Temporary Substitute Vehicle.

3. The Trial Court Erred in Ruling That Mr. Arceneaux Did Not Have UM Coverage Because He Did Not Qualify as an "Insured" Under the Liability Coverage Form.

4. The Exclusion Under the UM Coverage Form Violates Louisiana's Public Policy Concerning UM Coverage.

## ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, AND THREE:

Arceneaux's first two assignment of error deal with whether his Ford F250 was a temporary, substitute vehicle for Gerald Towing's Ford F450 Wrecker. Arceneaux's third is whether he was an insured under Axis' policy. These three assignments are closely related, as one issue leads to the next. As such, we will address them under this single heading detailing the merits of the trial court's grant of Axis' motion for summary judgment.

"'Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.'" *Elliott v. Continental Cas. Co.*, 06-1505, p. 10 (La. 2/22/07), 949

2

So.2d 1247, 1253 (quoting *Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1). "[D]espite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

> An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. The parties' intent, as reflected by the words of the policy, determine the extent of coverage. Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. However, if after applying the other rules of construction an ambiguity remains, the ambiguous provision is to be construed against the drafter and in favor of the insured.

> The purpose of liability insurance is to afford the insured protection from damage claims. Policies therefore should be construed to effect, and not to deny, coverage. Thus, a provision which seeks to narrow the insurer's obligation is strictly construed against the insurer,

3

and, if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied.

*Reynolds*, 634 So.2d at 1183 (citations and footnote omitted).

Louisiana Revised Statutes 22:1295(1)(e) states:

The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including the resulting death of an insured, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.

According to Axis, Arceneaux was operating his personal vehicle at the time of the accident. Arceneaux's personal vehicle was not described in the policy and was not included in the list of covered autos present in the policy. Thus, Axis contends that La.R.S. 22:1295(1)(e) dictates, as a matter of law, that Arceneaux is not entitled to UM coverage.

Arceneaux counters that La.R.S. 22:1295(1)(e) does not apply because his Ford F250 was a "replacement motor vehicle covered under the terms of the policy." According to Arceneaux, the Axis policy provides coverage to him, personally, as he is an "insured." Under the policy's Section (B)(2)(a) (emphasis added), "insureds" are "[a]nyone 'occupying' with the Named Insured's express or implied permission a covered 'auto' or a *temporary substitute* for a covered 'auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing, 'loss,' or destruction."

In support of his argument, Arceneaux points to his affidavit, which states:

Around the time of the collision, Mr. Arceneaux and Gerald[']s Towing and Used Cars, Inc. owned and maintained a Ford F[]450 Wrecker Truck that was typically used for service and road side assistance calls, but was out of service and in need of repairs. . . . Mr. Arceneaux, on a few occasions, and on the date of the incident, used the 2012 Ford F250 to perform work that could and/or would have

4

been completed by the Ford F[]450 Wreck[er] Truck absent its out of service status.

In looking to the validity of Arceneaux's argument, it is clear that the named insured is Gerald's Towing, and that it gave Arceneaux permission to drive on its behalf considering that Arceneaux owns Gerald's Towing. Further, Arceneaux's affidavit, when inferred to be in Arceneaux's favor, is evidence that the covered auto is a Ford F450 Wrecker Truck, and that his Ford F250 was a temporary substitute for the Ford F450.

We are aware that the trial court found that Arceneaux's Ford F250 did not qualify as a temporary substitute vehicle because "he regularly used the vehicle for business purposes." Our review of the record is that the only evidence that can possibly be construed to support this finding is Paragraph 7 of Arceneaux's affidavit. Axis selectively cites this paragraph in brief quoting the affidavit as stating that Arceneaux "**regularly used** the 2012 Ford F250 to answer service call requests, drive to road service call locations, provide jump starting services, auto lock out services, flat tire changes on behalf of Geralds Towing and Used Cars, Inc." However, when reading Paragraph 7 in full, it qualifies the selectively cited language by beginning the paragraph with a limitation of the time in which the statement applies to: "On or around the date of the collision." This temporal description can reasonably be inferred to mean that Arceneaux used the F250 on the day of the accident or close to that date regularly. To interpret the paragraph of the affidavit as Axis suggests and as the trial court did is to make a factual inference against the nonmoving party by ignoring the temporal limitation that opens the paragraph. This is improper for summary judgment proceedings.

The trial court also found that Arceneaux was simply going home and not going to do anything on behalf of Gerald's Towing. According to the trial court,

5

this is significant in its adjudication of Axis' summary judgment motion. However, according to Arceneaux's affidavit, the Ford F250 "was equipped with road service tools and equipment allowing him to be *on call* for any road side service request made to Gerald's Towing[.]" (emphasis added). Arceneaux's affidavit went on to state that the Ford F450 Wrecker "was typically used for service and road side assistance calls, but was out of service and in need of repairs."

Whether someone is "on call" "is a factual determination based on the credibility of witnesses." *Lacoste v. Crochet*, 99-602, pp. 7-8 (La.App. 4 Cir. 1/5/00), 751 So.2d 998, 1003. A factual determination by the trial court that Arceneaux was not "on call" is an impermissible finding under the applicable standard for adjudication of summary judgments.

Given this Summary Judgment standard, we find that the trial court erred in granting Axis' motion for summary judgment. The factual inferences in Arceneaux's affidavit, when resolved in his favor as we are directed to do, dictate that Arceneaux's Ford F250 was a temporary substitute for a covered vehicle, namely the Ford F450 Wrecker, under Section (B)(2)(a) of the policy. Further, the applicable standard necessitates a finding that Arceneaux was on call for Gerald's Towing at the time of the accident. Thus, Arceneaux, for purposes of adjudicating Axis' motion for summary judgment, was an insured under the policy at the time of the accident. Accordingly, Axis failed to carry its burden of proof that its policy does not provide coverage to Arceneaux for his damages.

Accordingly, we reverse the trial court's judgment granting Axis' motion for summary judgment. Axis failed to carry its burden of proof that Arceneaux is excluded from recovery under its policy. We remand the case for further proceedings.

6

**ASSIGNMENTS OF ERROR NUMBER FOUR:**

Our finding in Assignments of Error Numbers One, Two, and Three above pretermits Arceneaux's remaining assignment of error. As such, we will not discuss its merits.

**CONCLUSION:**

Gerald Arceneaux raises four assignments of error. We find merit to the first three which leads to our finding that the trial court erroneously granted Axis Plus Insurance Company's summary judgment motion by ruling that the Ford F250 was being regularly and/or permanently used by Gerald's Towing and Used Cars, Inc. and, as such, was not a temporary, substitute vehicle for the Ford F450 wrecker. As such, we find, for the purpose of adjudicating the summary judgment motion, that Gerald Arceneaux was an insured under Axis Plus Insurance Company's policy and that Axis Plus Insurance Company did not carry its burden of proof on the motion. Accordingly, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

This finding pretermits the remaining assignment of error. All costs of these proceedings are assessed to Axis Plus Insurance Company.

**REVERSED AND REMANDED.**