# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-1007 consolidated with 18-1000**

**DANIEL NORMAN**

**VERSUS**

**MICHAEL A. SHELTON ENTERPRISE, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 255,532
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and John E. Conery, Judges.

**CONERY, J., concurs in part, dissents in part, and assigns reasons.**

**AFFIRMED IN PART, REVERSED**
**AND REMANDED IN PART.**

**Christopher Jude Roy, Jr.**
**Chris J. Roy, Jr., A Law Corporation**
**P. O. Box 7356**
**Alexandria, LA 71306-0356**
**Telephone: (318) 487-9537**
**COUNSEL FOR:**
  **Plaintiff/Appellant - Daniel Norman**

**Lisa Ann McLachlan**
**Musgrave, McLachlan & Penn, LLC**
**1515 Poydras Street – Suite 2380**
**New Orleans, LA 70112**
**Telephone: (504) 799-4300**
**COUNSEL FOR:**
  **Defendants/Appellees - Simms Transportation, Inc. and Michael A. Shelton Enterprise, Inc.**

**Joshua Joy Dara, Sr.**
**1521 Masters Drive**
**Pineville, LA 71360**
**Telephone: (318) 442-1975**
**COUNSEL FOR:**
   **Defendants/Appellees - Simms Transportation, Inc. and Michael A. Shelton Enterprise, Inc.**

**Thomas Taylor Townsend**
**P. O. Box 784**
**Natchitoches, LA 71458-0784**
**Telephone: (318) 238-3612**
**COUNSEL FOR;**
   **Plaintiff/Appellant - Daniel Norman**

**Jeff Landry**
**Attorney General**
**Blake E. Ryland**
**Assistant Attorney General**
**Leisa B. Lawson**
**Assistant Attorney General**
**Louisiana Department of Justice**
**900 Murray Street – Suite B-100B**
**Alexandria, LA 71301**
**Telephone: (318) 487-5944**
**COUNSEL FOR:**
   **Defendant/Appellee - State of Louisiana, Department of Transportation and Development**

**THIBODEAUX, Chief Judge.**

For the reasons discussed in the consolidated case of *Daniel Norman v. Michael Shelton Enterprise, Inc., et al.*, 18-1000 (La.App. 3 Cir. __/__/__), __ So.3d __, the judgment of the trial court is affirmed in part, reversed in part, and remanded. Costs of the appeal are assessed to Michael Shelton Enterprise, Inc. and Simms Transportation, Inc.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

**DANIEL NORMAN**

**VERSUS**

**MICHAEL A. SHELTON ENTERPRISE, INC., ET AL.**

Conery, J., concurring in part, dissenting in part.

I agree with the majority that the summary judgment granted in favor of Michael Shelton Enterprise, Inc. must be reversed.

I respectfully dissent, however, from the affirmation of the summary judgment entered in favor of DOTD. Rather, I find that the presence of genuine issues of material fact requires reversal of that ruling as well.

By its motion for summary judgment, DOTD asserts that no genuine issues of material fact exist as to its actual or constructive notice of a defective condition creating an unreasonable risk of harm as required by La.R.S. 9:2800. It is that notice "which gives rise to the obligation to take adequate measures necessary to prevent injury." *Johnson v. State, Dep't of Transp. & Dev.*, 17-0973, p. 7 (La.App. 1 Cir. 4/3/19), _ So.3d _, _ (citing *Rhodes v. State, Dep't of Transp. & Dev.*, 95-1848 (La. 5/21/96), 674 So.2d 239). In the event DOTD has such notice, it is required to "take reasonable measures to eliminate or reduce the risks associated with the dangerous condition or may warn the public of the danger, risk, or hazard involved." *Id.* at _ (citing *Tassin v. Bendel*, 07-1119 (La.App. 4 Cir. 7/9/08), 989 So.2d 217, *writ denied*, 08-1940 (La. 11/10/08), 996 So.2d 1069, *cert. denied*, 556 U.S. 1222, 129 S.Ct. 2161 (2009)).

Louisiana Revised Statutes 32:296 states in pertinent part:

A.   No person shall stop, park, or leave standing any unattended vehicle on any state highway shoulder, unless such stopping, parking, or standing is made necessary by an emergency[.]

. . . .

B. In case of an emergency, the driver of a vehicle may lawfully operate the vehicle on any state highway shoulder in accordance with the normal standards of prudent conduct to protect himself and others from harm. When the emergency ends, the vehicle shall not be operated on the state highway shoulder.

Discussing La.R.S. 32:296 within the context of an accident involving a Parish truck parked partially on a highway shoulder, the supreme court explained that "[t]he primary safety purpose of the paved shoulder of the highway is to provide an area for motorists who require a momentary stop, and to protect a motorist who inadvertently leaves the roadway." *Shephard v. Scheeler*, 96-1690, p. 21 (La. 10/21/97), 701 So.2d 1308, 1319. The court further noted that "[t]he occasional and transitory use of the shoulder by stopped vehicles is not incongruous with its function as a safety device. Nevertheless, when the use of the shoulder is regular and routine, the safety function is mitigated." *Id.* Reviewing the facts of the accident at issue, the supreme court pointedly explained that "the continuous use of a fixed area of the shoulder as a parking lot or regular embarkation point for Parish workers unreasonably impairs its safety function as a recovery area." *Id.* Continuing, the supreme court stated:

In the case sub judice, the probability of the harm and gravity of the harm caused by the Parish's parking [its] truck on the shoulder greatly outweighed the cost of avoiding the risk by parking elsewhere. The use of the shoulder in a consistent and continuous manner rather than a transitory manner, accompanied by the failure to utilize an available safe area to park the truck constituted an unreasonable risk of harm to motorists. We therefore hold that the Parish breached its duty to use the shoulder in a reasonably safe manner, and that this breach was a legal cause of the accident. The harm that occurred in the instant

2

case was the very risk of harm contemplated by the duty to use the paved shoulder in a reasonable manner, namely that a vehicle that leaves the traveled portion of the highway would collide with a vehicle stopped in the recovery area.

*Id.*

In this case, the fact that the DOTD shoulder was used as a parking lot by Robbie G's on a nightly basis creates an issue as to the duty and breach of duty on the part of DOTD. "[A] motion for summary judgment is inappropriate to dismiss a negligence action when questions of fact exist regarding the duties owed or breach of the same." *Simmons v. Sabine River Auth. Of La.*, 11-1146, p. 11 (La.App. 3 Cir. 8/15/12), 97 So.3d 1177, 1183, *writ denied*, 12-2043 (La. 11/16/12), 102 So.3d 40.

Moreover, as the Louisiana Supreme Court recently reiterated in *Broussard v. State, ex rel. Office of State Bldgs.*, 12-1238, p. 22 (La. 4/5/13), 113 So.3d 175, 191 "we emphasize again that each case involving an unreasonable risk of harm analysis must be judged under its own unique set of facts and circumstances."

Arguably, the continuous use of DOTD's highway right-of-way by Robbie G's during peak traffic hours on a heavily traveled roadway in effect created a trap not only for those attempting to enter the highway, but for those travelling on the roadway itself. The pictures introduced in evidence clearly demonstrate the vision limitations caused by the cars parked on DOTD's right-of-way. *See Shephard*, 701 So.2d 1308.

Given the facts and circumstances of this case, I find that genuine issues of material fact exist. Evidence introduced in connection with the motion for summary judgment at issue indicates that it was a well-known and longstanding community practice for Robbie G's patrons to park inside of the DOTD right-of-way. Mr. Dubois, for instance, described the parking at Robbie G's as "horrible" and that

"everybody just parks where you can." He described the situation as "something that you can drive by and see every day." When one witness to the accident, Mr. Jeansonne, was asked during his deposition whether his view of oncoming traffic had been hindered when leaving the restaurant, he explained that: "[I]t's always busy. I mean, I – you know, it is – when it is busy, it is hard to get out, and it's hard to get out that road, you know, on the side. I mean it is, you know." When subsequently asked whether "there is an obstruction to your vision when you're trying to look at the traffic," Mr. Jeansonne confirmed that "It's – it is."

Although a single car parked in a right-of-way for a short period time may not typically constitute a hazardous condition, the condition presented here, however, may be so pervasive that constructive notice could be inferred by a trier of fact making factual and credibility determinations. To the extent factual inferences are available from the evidence, including the photos, they must be construed in favor of the party opposing the motion. *See Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049. Accordingly, I would reverse the summary judgment granted in favor of DOTD and remand the entirety of this matter for further proceedings.

For these reasons, I concur in part and dissent in part.

4