# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-494


**ROBERT REEVES**

**VERSUS**

**CHRISTOPHER HERTZ, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 84627
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GARY J. ORTEGO
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Gary J. Ortego, Judges.


**AFFIRMED.**

**Jeffrey Michael Bassett**
**Morrow, Morrow, Ryan**
**324 West Landry**
**Opelousas, LA 70571-1787**
**(337) 948-4483**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Precious Reeves**

**Kenneth Warren DeJean**
**Attorney at Law**
**PO Box 4325**
**Lafayette, LA 70502**
**(337) 235-5294**
**COUNSEL FOR INTERVENOR/APPELLEE:**
 **Kenneth Warren DeJean**

**James L. Pate**
**Neuner Pate**
**P.O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Jorge Gonzales Puron**
 **National IndemnityCompany of the South**

**Campbell E. Wallace**
**Kelly L. Long**
**Frilot, LLC**
**1100 Poydras St., Suite 3700**
**New Orleans, LA 70163-3700**
**(504) 599-8054**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Dextease Owens**
 **Red Rock Retention Group**
 **Swift Transportation Company ofArizona**
 **Swift Leasing Company, LLC**

**Patrick Manning Wartelle**
**Leake & Anderson**
**600 Jefferson St**
**Lafayette, LA 70501**
**(337) 233-7430**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Hartford Fire Insurance Company**
 **Ashley Distribution Services Ltd.**
 **Jason Bingham**

Samuel Milton Rosamond, III
Taylor, Wellons, Politz
1555 Poydras St., Ste 2000
New Orleans, LA 70112
(504) 525-9888
COUNSEL FOR DEFENDANT/APPELLEE:
    National Indemnity Company

Guy Dugue Perrier
Perrier & Lacoste, LLC
365 Canal Street, Ste 2550
New Orleans, LA 70130
(504) 212-8820
COUNSEL FOR DEFENDANT/APPELLEE:
    Quality Carriers, Inc.
    Old Republic Insurance Company
    Robert Reeves

James A. Prather
C. Bowman Fetzer
Galloway, Johnson, Tompkins, Burr & Smith
3 Santuary Blvd., 3rd Floor
Mandeville, LA 70471
(985) 674-6680
COUNSEL FOR DEFENDANT/APPELLEE:
    Cullen Toole
    CTG Leasing

Kevin Jerome Gillie
Attorney At Law
205 Blount Road
Baton Rouge, LA 70807
(469) 222-6437
COUNSEL FOR PLAINTIFF/APPELLANT:
    Robert Reeves

Rena L. Hester
Hester Law Firm, LLC
8152 Scenic Hwy., Ste. C
Baton Rouge, LA 70807
(225) 774-2637
COUNSEL FOR PLAINTIFF/APPELLANT:
    Robert Reeves

**Gerard Joseph Dragna**
**Mouledoux, Bland, Legrand**
**701 Poydras St., Ste 4250**
**New Orleans, LA 70139**
**(504) 595-3000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Cherokee Insurance Company**
**Royal Trucking Company**
**Ronald Wayne Huff**

**Kimberly G. Anderson**
**Attorney at Law**
**3850 N. Causeway BlvdSte 1230**
**Metairie, LA 70002**
**(504) 872-3946**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Christopher Hertz**

**David Daniel Bravo**
**Bravo Law Firm**
**1100 Poydras Street Ste 2601**
**New Orleans, LA 70163**
**(504) 934-1500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Jorge Gonzales Puron**

**Lynden James Burton**
**Lynden J. Burton & Associates**
**P. O. Box 13738**
**New Iberia, LA 70562**
**(337) 340-5153**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Precious Reeves**

**ORTEGO, Judge.**

This case involves two separate but related motor vehicle accidents with multiple defendants. A motion for summary judgment was filed by two sets of defendants. The trial court granted those motions based on finding that the plaintiff are unable to show that those defendants' actions were the cause-in-fact or legal cause of the plaintiff's alleged injuries pursuant to La.Civ.Code art. 2315. Plaintiff appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On December 6, 2015, plaintiff Robert Reeves ("Reeves") was traveling westbound on Interstate 10 in St. Martin Parish on the Atchafalaya Basin bridge. Reeves was driving a tractor trailer, owned by Quality Carriers, Inc., in the right lane of travel at approximately 5:15 PM.

Also travelling westbound on Interstate 10 were the following relevant vehicles: (1) a Ford Expedition driven by Jesus Torres pulling a trailer ("the Torres vehicle"); (2) a tractor trailer driven by Cullen Toole and owned by CTG leasing (collectively "CTG"); (3) a tractor trailer driven by Dextease Owens, owned by Swift Transportation Company of Arizona, L. L. C., and insured by Red Rock Risk Retention Group, Inc. (collectively "Swift"); (4) a tractor trailer driven by Jorge Gonzalez-Puron; (5) a tractor trailer driven by Ronald Huff and owned by Royal Trucking Company; (6) a tractor trailer driven by Jason Bingham and owned by Ashley Distribution Services, Limited; (7) a tractor trailer driven by Christopher Hertz, owned by Vela Transportation, and insured by Acuity Mutual Insurance Company (collectively "Hertz"). From these vehicles two separate but related motor vehicle accidents occurred.

The initial collision, we refer to as the CTG collision, occurred between CTG and the Torres vehicle. CTG was in the right lane of travel behind the Torres vehicle but noticed that the rear wheel of the Torres vehicle had begun wobbling. CTG moved into the left lane, even though tractor trailers are prohibited from using the left lane while moving across the Atchafalaya Basin. Then the rear wheel fell off the Torres vehicle. The loss of the wheel caused the Torres vehicle to lose control, collide with the right bridge railing, swerve into the left lane, and jackknife. This caused a collision between CTG and the Torres vehicle. The Torres vehicle came to rest blocking both westbound lanes of travel.

At the time of the first CTG collision Swift, after travelling in the left lane, had returned to the right lane of travel eight to twelve seconds prior to the second collision. Upon seeing the first collision, Swift applied the brakes and came to a complete stop without impacting CTG, the Torres vehicle, or a Volvo that also came to a complete stop behind the CTG collision. Swift was being followed by five tractor trailers driven by Gonzales-Puron, Huff, Bingham, Reeves, and Hertz, respectively. Upon seeing the vehicles in front of them attempt to stop, each driver unsuccessfully attempted to stop. What followed was a series of collisions involving each of the other five tractor trailers, resulting in the Gonzales-Puron vehicle, immediately behind Swift, to be propelled into the rear of the Swift vehicle. We refer to all these collisions as the Swift collision.

Reeves filed his petitions for damages and various supplementations, alleging personal injuries, and naming the drivers, employers, and insurers of the four other tractor trailers involved in the second set of collisions, along with the parties involved in the initial collision between Swift and the Torres vehicle.

2

Multiple motions for summary judgment were filed. Relevant to this appeal were those filed by Swift and CTG. Following a hearing, on September 2, 2022, the trial court granted the motion filed by Swift. Thereafter, on September 6, 2022, the trial court granted the motion filed by CTG. Reeves appeals the granting of those motions.

## ISSUE PRESENTED FOR REVIEW

1.     Whether the trial court erred in granting the motion for summary judgment filed by appellees, [Swift] as well as [CTG]?

## STANDARD OF REVIEW

Reeves' issue presented for review questions the trial court's granting of a motion for summary judgment in favor of Swift and CTG. Summary judgments are reviewed using the de novo standard of review wherein an appellate court looks to the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. As such, this court must determine whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

An appellate court, in adjudicating a motion for summary judgment, cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh

evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City–Parish Consol. Gov't*, 04-1459, p. 11 (La. 4/12/05), 907 So.2d 37, 48). Additionally, although "summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050. Finally, "[m]ere speculation will not defeat a motion for summary judgment, and conclusory allegations, improbable inferences, and unsupported speculation are insufficient to support a finding that a genuine issue of material fact exists." *Kinch v. Our Lady of Lourdes Reg'l Med. Ctr.*, 15-603, pp. 7-8 (La.App. 3 Cir. 12/9/15), 181 So.3d 900, 905.

## LAW AND DISCUSSION

I.    *Summary Judgment – Swift*

Reeves first contends that the trial court improperly granted Swift's motion for summary judgment. Reeves' action against Swift is one of negligence governed by duty/risk analysis pursuant to La.Civ.Code art. 2315.

> [I]n order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

*Mathieu v. Imperial Toy Corp.*, 94-952 (La.11/30/94), 646 So.2d 318, at 322.

Here, although Swift is the mover, Reeves bears the burden of proof at trial as to his negligence claims. Thus, Swift can shift the burden of proof to Reeves on the motion for summary judgment by demonstrating to the court that Reeves has no factual support for an element necessary to his negligence claim. If successful, the

burden then shifts to Reeves to show factual support sufficient to establish the existence of a genuine issue of material fact on that element such that Swift is not entitled to judgment as a matter of law.

Swift argues that Reeves cannot show that Swift's actions were a cause-in-fact or legal cause of Reeves' alleged injuries. Reeves counters Swift's assertion by citing jurisprudence regarding the duty of a driver to remain in his own lane of travel and adhere to a duty to safely change lanes. In brief, Reeves characterized Swift as having "swerved," "darted," and "cut" in front of the vehicle behind him in an improper change from the left lane to the right just prior to the accident. Further, Reeves points out that Swift's presence in the left lane prior to changing lanes was prohibited by applicable traffic laws at the location of the accident. Finally, Reeves alleges that Swift was speeding while in the left lane of travel.

As the trial court noted, any chain of events between the initial CTG collision involving CTG and the Torres vehicle and the second collisions, Swift collision, was broken when Swift was able to come to a complete stop in the right lane of travel without impacting any vehicles involved in the initial collision. Reeves' alleged injuries were the result of a separate, six-vehicle collision. This second collision did not involve either vehicle from the initial collision between CTG and the Torres vehicle. We agree.

Here, the deposition of Jorge Gonzalez-Puron, the driver of the vehicle immediately behind Swift, shows that Swift established his vehicle in the right lane of travel for eight to twelve seconds prior to the second set of collisions. Further, Gonzales-Puron stated that Swift's vehicle came to a complete stop in front of him without impacting the vehicles in front of it, and then Gonzales-Puron's vehicle was pushed into Swift's vehicle as a result of the second collision. Gonzales-Puron's deposition testimony on these crucial facts is also corroborated by Swift.

5

After reviewing the record, as the trial court correctly observed, we find Reeves has produced no evidence that Swift "swerved," "darted," and "cut" in front of the vehicle behind him, nor has Reeves produced any evidence that Swift's changing lanes or speeding caused the second set of collisions which resulted in Reeves' alleged injuries.

We do note that Reeves is correct that Swift's vehicle was prohibited from being in the left lane. However, Swift's statutory violations of travelling in the left lane and speeding have no bearing on the accident and resulting alleged injuries to Reeves, given that Swift's vehicle was properly in the right lane and able to come to a complete stop without striking any vehicles involved in the CTG collision.

Given the above, we find Reeves cannot carry his burden of proof at trial that Swift's actions were a cause-in-fact or legal cause of Reeves' alleged injuries under elements three and four of duty/risk analysis applicable to this matter. La.Civ.Code art. 2315; *Mathieu*, 646 So.2d 318. Therefore, we find no error in the trial court granting Swift's summary judgment dismissing it from this matter.

*II.      Summary Judgment – CTG*

Next, Reeves contends that the trial court improperly granted CTG's motion for summary judgment. As discussed above, Reeves' action against CTG is one of negligence governed by duty/risk analysis pursuant to La.Civ.Code art. 2315, and CTG, the mover, can shift the burden of proof to Reeves on this motion by showing that Reeves has no factual support for an element necessary to his negligence claim.

Here, CTG asserts that Reeves cannot show that CTG's actions were a cause-in-fact or legal cause of the impact causing Reeves' alleged injuries. Reeves counters CTG's assertion by contending that CTG's collision with the Torres' vehicle created a sudden emergency that resulted in Reeves being injured and, again,

points to statutory violations by CTG for traveling in the left lane and allegedly speeding.

As discussed above, we find any chain of events from the initial collision between CTG and the Torres vehicle, the CTG collision, and the second set of collisions, the Swift collision, was broken when Swift was able to come to a complete stop in the right lane of travel without impacting any vehicles involved in the initial collision. Reeves' alleged injuries were the result of the separate, six-vehicle collision. This second six-vehicle collision did not involve either vehicle from the initial collision between CTG and the Torres vehicle.

As with Swift, Reeves' reliance on statutory violations by CTG for travelling in the left lane and speeding is misguided. These two statutory violations have no bearing on the collision and resulting alleged injuries to Reeves, given that the chain of events between the initial collision and the second collision was broken when Swift came to a complete stop without striking any vehicles involved in the initial collision. Thus, CTG correctly points out that Reeves cannot carry his burden of proof at trial that CTG's actions were a cause-in-fact or legal cause of Reeves' alleged injuries under elements three and four of duty/risk analysis applicable herein.

Given the above, we find no error in the trial court granting CTG's summary judgment dismissing it from this matter.

In summary, a review of the record shows these arguments, presented as part of Reeves' assignment of error, are not supported by the record and are without merit.

### DECREE

Robert Reeves raises a single issue for review containing two arguments. The first is whether Swift Transportation Company of Arizona, L.L.C., Dextease Owens, and Red Rock Risk, collectively, were properly granted summary judgment

dismissing them from the matter. The second is whether Cullen Toole and CTG Leasing, collectively, were properly granted summary judgment dismissing them from the matter. We find no merit to either argument on the issue Reeves raised for review. Accordingly, finding no error by the trial court, we affirm. Costs of these proceedings are assessed to Robert Reeves.

**AFFIRMED.**