RONALD JOHNSON

VERSUS

RIVER BIRCH, LLC; THE
ADMINISTRATORS OF THE TULANE
EDUCATIONAL FUND; AND, JEFFERSON
PARISH GOVERNMENT

NO. 23-CA-21

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 810-979, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

December 20, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**
  **JJM**
  **FHW**
  **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
RONALD JOHNSON
 Catherine Hilton
 Ron A. Austin

COUNSEL FOR DEFENDANT/APPELLEE,
RIVER BIRCH, LLC
 Michael J. Madere
 Philip E. Reso
 Scott S. McCormick

COUNSEL FOR DEFENDANT/APPELLEE,
PARISH OF JEFFERSON
 Deborah A. Villio
 Michael L. Fantaci
 James C. Raff

**MOLAISON, J.**

The plaintiff/appellant, Ronald Johnson, seeks review of the summary judgment granted in favor of the Parish of Jefferson ("the Parish") and a second summary judgment granted in favor of River Birch, LLC ("River Birch"). For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Mr. Johnson was injured when the truck he was operating, which was carrying a full dumpster, rolled over onto its side as he was attempting to turn off U.S. Highway 90 onto South Kenner Road. South Kenner Road leads to a landfill owned by River Birch. He filed suit against the Parish and River Birch alleging that the rollover was caused by potholes that are located in the area where the Parish and River Birch have servitudes. The appellant additionally alleged that River Birch employees routinely performed maintenance on these potholes. Both the Parish and River Birch denied that the area where the accident occurred was on their respective servitudes. The Parish retained an expert land surveyor who plotted the location of the potholes on a survey and found they were located within the U.S. Highway 90 right-of-way. The Parish and River Birch moved for summary judgment on that basis. River Birch admitted performing some maintenance in the area but denied that it had garde[1] of this area. The trial court held a hearing on both motions for summary judgment on November 7, 2022. On November 29, 2022, the trial court issued a judgment granting summary judgment in favor of the Parish, and on November 30, 2022, the trial court issued a judgment granting summary judgment in favor of River Birch. This timely appeal followed.

---

[1] Garde is the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing damage to others. Ambrose v. City of New Iberia, 08-1197 (La. App. 3 Cir. 4/1/09), 11 So.3d 34, 38, writ not considered, 09-1843 (La. 11/6/09), 21 So.3d 314.

## LAW AND DISCUSSION

In the petition for damages filed on October 7, 2020,[2] the appellant alleged that on October 7, 2019, he was employed by Waste Connections, a company that serviced waste dumpsters. He was driving a truck carrying a loaded dumpster to the River Birch landfill to empty the dumpster. This landfill is accessed by turning off U.S. Highway 90 onto South Kenner Road, a road that runs into the landfill. He alleges that the junction of U.S. Highway 90 and South Kenner Road contained dangerous potholes in the path of travel for turning trucks. When he turned onto South Kenner Road, a tire on his truck struck the potholes and caused the truck to roll over onto its driver's side, injuring him. He alleged that the Parish and River Birch were both custodians of the entrance to the landfill, had notice that the dangerous potholes were in the path of travel, and posed a hazard to turning trucks, creating an undue risk of harm.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden then shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. Factual inferences

_____

[2] Other defendants have been named in this lawsuit but only the Parish and River Birch are the subject of this appeal.

23-CA-21                                     2

reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880.

A decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Bach v. Bd. of River Port Pilot Comm'rs, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355, 362.

La. Civil Code art. 2317 provides:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

La. Civil Code art. 2317.1 provides:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Thus, in order for the Parish and River Birch to be liable to the appellant for injuries alleged to have been caused by defects in the roadway, the appellant must be able to prove that the Parish and River Birch had ownership or custody of the area where the potholes that are alleged to have caused the accident are located.

Jefferson Parish's Motion for Summary Judgment

In the Motion for Summary Judgment filed on June 6, 2022, the Parish stated that in 1965, it acquired a 60-foot-wide servitude for a portion of land to be

used to construct the southernmost portion of South Kenner Road. The Parish contends that this servitude begins at the "north right-of-way line of U.S. Highway 90." The Parish stated that the photograph of the accident site, that was received in discovery responses from the appellant, in which the potholes alleged to have caused the accident were circled by the appellant, indicates that the potholes were outside of the Parish's servitude. In support of its argument, the Parish attached a survey and affidavit by its expert surveyor, Gary Lambert, who attested that the potholes which the appellant alleged to have caused his accident are not located within the Parish's servitude and instead are located within the Highway 90 right-of-way. The Parish asserted that it does not have ownership or custody of the area where the potholes that the appellant alleged to have caused his accident are located. The Parish concluded that it was entitled to summary judgment because the appellant could not establish that the part of the roadway alleged to be defective was in the custody or control of the Parish.

On July 12, 2022, the appellant filed an opposition to the Parish's motion for summary judgment, arguing that the photograph on which the appellant identified the potholes that caused the accident, does not show the distance of the potholes from U.S. Highway 90. The appellant took issue with the findings of the defendants' expert, Mr. Lambert, claiming that his findings were not based on personal knowledge and were not accurate. The appellant requested a continuance of the hearing on the motions for summary judgment, arguing that it was necessary to take the deposition of Mr. Lambert and conduct other written discovery. The appellant also objected to the admissibility of Mr. Lambert's affidavit.

The trial court granted the appellant's motion to continue the hearing on the motion for summary judgment. Following the deposition of Mr. Lambert, the Parish filed a "Re-urged Motion for Summary Judgment." In this motion, which was filed on October 4, 2022, the Parish argued that Mr. Lambert's deposition

testimony confirmed the attestations in the affidavit and did not create any issues of material fact. Mr. Lambert testified that he is a licensed professional land surveyor and employed by BFM Corporation ("BFM"). BFM was hired by the law firm representing the parish to "provide a right-of-way survey and locate the improvements within a specified area." He named the employees of BFM who comprised the "field crew" who assisted him in preparing the survey, and explained their title and role in preparing the survey. The survey was prepared based on the photograph produced by Mr. Johnson that depicted the accident site and identified the potholes that allegedly caused the accident. The public records pertaining to the accident site were reviewed and the "property monumentation"[3] was located, as were other physical features shown in the photograph, and measurements were taken of the potholes identified by the appellant to create the survey. Mr. Lambert testified that he was able to calculate the exact position of the potholes identified by the appellant down to a hundredth of a foot using Global Positioning Satellites ("GPS"). Mr. Lambert testified that the potholes are located within the U.S. Highway 90 right-of-way. The Parish argued that the appellant had not come forth with any evidence to establish that the Parish had ownership, custody, or garde of the area where the potholes are located and concluded that there are no genuine issues of triable fact and the appellant's suit against it should be dismissed. The Parish attached four exhibits to its motion: (1) the appellant's petition for damages, (2) the photograph that was produced in response to the Parish's request for admissions depicting the accident site on which the potholes alleged to have caused the accident were identified by the appellant, (3) the affidavit of Gary Lambert, and (4) the deposition of Gary Lambert.

---

[3] Mr. Lambert explained that "when surveyors conduct land surveys, they will monument the corners of tracts…that leaves a permanent marker for any other surveyor…to have a starting point." He further explained that the monumentation are usually "a five-eighths inch iron rebar…about 18 inches long…that stay[s] up for 50, 75, 100 years." He stated that all of the corners of a tract should be marked.

On October 17, 2022, the appellant filed a supplemental opposition to the motion for summary judgment filed by the Parish, arguing that Mr. Lambert's affidavit was discredited by his own deposition. The appellant argues that in the affidavit, Mr. Lambert attested that the potholes identified by the appellant "are not situated on any property owned by or within the custody of control" of the Parish or River Birch; however, in his deposition, Mr. Lambert testified that as a land surveyor he was not "legally allowed to say who owns what." The appellant further argued that the "right of public use (or servitude) in favor of the Parish," gives the Parish the right and use of the property. The appellant again objected to Mr. Lambert's affidavit, asserting that Mr. Lambert did not have sufficient knowledge to author the affidavit.

On November 1, 2022, the Parish filed a reply memorandum in support of its re-urged motion for summary judgment, again asserting that the potholes that the appellant alleges to have caused his accident are located within the U. S. Highway 90 right-of-way, and the appellant has not come forth with any evidence to show that the Parish had custody or control over that portion of the U.S. Highway 90 right-of-way. The Parish argues that summary judgment cannot be defeated by arguments of counsel. The Parish contends there is no basis for the appellant's objections to the affidavit of Mr. Lambert. During his deposition, Mr. Lambert was able to identify the potholes at issue by lining up various features in the appellant's photograph with actual features in the field such as shrub beds, a pipeline marker, and concrete blocks. The Parish contends that Mr. Lambert demonstrated in his deposition that the methodology used to prepare his survey employed sound scientific and surveying principles, and that the appellant has not come forth with any evidence to show that the potholes were located in an area that the Parish had custody or control. The Parish contends that there are no genuine issues of triable fact and it is entitled to summary judgment.

At the hearing on the motion for summary judgment, the Parish argued that the survey indicates that the potholes that were identified by the appellant as causing the accident are located inside of the U.S. Highway 90 right-of-way, and not within the area of the Parish's servitude. The Parish explained that the photograph of the accident site depicts concrete blocks and shrub beds which assisted the surveyor to find the exact potholes at issue. The Parish pointed out that the appellant had not offered any evidence to contradict the survey. The Parish argued that appellant's arguments contesting the survey are without merit, as Mr. Lambert testified that he supervised the survey team and personally made findings based on the data gathered by the team. With regard to the appellant's argument that Mr. Lambert was not qualified to attest as to who had custody or control of the area in which the potholes are located, the Parish argued that those portions of Mr. Lambert's affidavit could be "given whatever weight" the court wishes and acknowledged that this was not dispositive of the issue of whether the Parish had custody or control of the area where the potholes are located. The Parish introduced the four exhibits attached to its motion for summary judgment, i.e., the petition for damages, the photograph of the accident site produced by the appellant in response to the Parish's request for admissions, the deposition of Mr. Lambert, and the affidavit of Mr. Lambert.

The appellant objected to Mr. Lambert's affidavit, arguing that Mr. Lambert testified that surveyors are "legally not allowed to say who owns what, [yet] his affidavit numbers five and six do just that." The appellant went on to argue that Mr. Lambert admitted to relying on "numbers and coordinates and other data from others, not just people in his firm, but ancient surveyors and title abstractors." When questioned by the trial judge as to what evidence she had that the area where the potholes are located is owned by the Parish, the appellant's attorney responded that this "in the right-of-way based on Mr. Lambert's deposition." When

questioned further by the trial judge, the appellant's attorney stated that she disputes the accuracy of the survey. She then referred to a copy of the survey that contained lines in different colors to identify the highway 90 right-of-way and the location of the potholes that was introduced as an exhibit and attached to Mr. Lambert's deposition. The appellant went on to argue that the survey was not based on Mr. Lambert's personal knowledge. Alternatively, the appellant argued that if the trial judge overruled the objection to the survey, the trial judge should not consider clauses five and six of the affidavit stating that the potholes are not situated on any property owned by or under the custody or control of the Parish or River Birch.

The Parish responded that Mr. Lambert testified that his survey, which was attached as an exhibit to his deposition, was based on his personal knowledge. The Parish also pointed out that Mr. Lambert testified as to the steps taken in preparing the survey. The Parish again argued that the appellant had not come forth with any evidence to show that the potholes identified by the appellant were not located within the U.S. Highway 90 right-of-way.

After the conclusion of the arguments, the trial judge granted the Parish's motion for summary judgment. The trial judge stated that even if he were to exclude paragraphs five and six of the affidavit, the Parish would still be entitled to summary judgment. The trial judge explained that there was sufficient evidence presented to show that the Parish did not own the area where the accident occurred as represented by the appellant.

On appeal, the appellant argues that the trial court erred in granting summary judgment in favor of the Parish because the appellant "produced factual evidence sufficient to establish a genuine question of material fact as to where the accident occurred and who had garde." The appellant contends that as set forth in Mr. Lambert's deposition, the Parish "obtained a right of way" to South Kenner

Road in 1965. The appellant argues that given the facts of this case, the right of way creates a genuine question of material fact as to whether the Parish had a duty to maintain the roadway. The appellant further argues that the trial court erred in admitting Mr. Lambert's affidavit into evidence because it was impeached by his deposition testimony.

In his affidavit,[4] Mr. Lambert attests that he is a Registered Professional Land Surveyor and the Survey Project Manager for BFM Corporation and he has personal knowledge of the locations as reflected in the attached survey dated October 11, 2021. He certified that the right-of-way identification of the subject accident site was made by him and conforms to the State requirements and standards for boundary surveys and is true and correct to the best of his knowledge. He has reviewed the petition filed by the appellant and the photograph on which the appellant identified the potholes that allegedly caused the accident, as well as the dedication of the servitude to the Parish in the December 16, 1965 act. Mr. Lambert attested that the potholes identified by the appellant are located within the boundaries of the U.S. Highway 90 right-of-way. In his lengthy and detailed deposition, Mr. Lambert painstakingly testified as to the steps taken to prepare the survey. He testified that he is a licensed professional land surveyor and employed by BFM, which was hired by the law firm representing the parish to "provide a right-of-way survey and locate the improvements within a specified area." He named the others employed by BFM comprising the "field crew" who assisted him in preparing the survey, and explained their title and role in preparing the survey based on the photograph produced by Mr. Johnson that depicted the accident site and identified the potholes that allegedly caused the accident. He testified that the

---

[4] Mr. Lambert testified that "as a land surveyor we are not legally allowed to say who owns what." For this reason, attestations five and six of the affidavit, stating that the potholes are not "situated on any property owned by, or within the custody or controlled of [sic] River Birch or the Parish," were not considered in our review.

public records pertaining to the accident site were reviewed, the property monumentation was located, as were other physical features shown in the photograph, and measurements were taken of the potholes identified by the appellant to create the survey. Mr. Lambert testified that he was able to calculate the exact position of the potholes identified by the appellant down to a hundredth of a foot using Global Positioning Satellites ("GPS"). Mr. Lambert concluded that based on his personal and professional knowledge, the potholes are located within the U.S. Highway 90 right-of-way. Our review of Mr. Lambert's deposition indicates that it substantiates and supports his affidavit, contrary to the appellant's assertion that the deposition impeaches the affidavit. Hence, we find no error in the trial court's admission of Mr. Lambert's affidavit.

This Court has consistently held that exhibits, filed as unsworn and unauthenticated attachments to an opposition to a motion for summary judgment, are not permissible supporting documents in opposition to a motion for summary judgment. Dye v. LLOG Expl. Co., LLC, 20-441 (La. App. 5 Cir. 11/3/21), 330 So.3d 1222, 1225. However, if those exhibits are attached to and authenticated by a deposition offered in support or opposition to the motion for summary judgment, they constitute evidence which may be considered under La. C.C.P. art. 966A(4) and D(2). Id. Accordingly, the survey, which was referred to extensively at the hearing on the motion for summary judgment was also properly admitted into evidence.

In ruling on a summary judgment motion, the court must determine whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. Savannah v. Smithy's Supply/Big 4 Trucking, 18-1033 (La. App. 1 Cir. 5/31/19), 280 So.3d 615, 619, writ denied, 19-01286 (La. 10/21/19), 280 So.3d 1168.

In the instant case, the Parish presented the photograph of the accident site on which the appellant identified the potholes he alleges to have caused the accident, along with the affidavit, deposition, and survey of its expert professional surveyor. The documents submitted by the Parish clearly show that the potholes which the appellant alleges to have caused his accident are located within the U.S. Highway 90 right-of-way. The burden then shifted to the appellant to come forth with sufficient proof that he will be able to carry his evidentiary burden at trial, i.e., to show that the Parish had custody and/or control of the area where the potholes alleged to have caused the accident are located. Despite repeated questioning by the trial judge at the hearing on the motion for summary judgment, the appellant was unable to point to any evidence to show that the Parish had custody and/or control of the area where the potholes alleged to have caused the accident are located. Accordingly, because the appellant was unable to produce any evidence that he will be able to carry his evidentiary burden at trial, there is no material issue of fact and the Parish is entitled to summary judgment as a matter of law.

River Birch's Motion for Summary Judgment

River Birch filed a motion for summary judgment on June 6, 2022, arguing that the claims against it should be dismissed because it did not own nor have custody of the property where the accident occurred. River Birch relied on Mr. Lambert's survey and affidavit to support its argument. No exhibits were attached to River Birch's motion.

On July 5, 2022, the appellant filed a supplemental petition alleging that River Birch "owns, maintains, and manages the dump [landfill] and therefore had actual and/or constructive possession, custody, and control of the private roadway" used for ingress and egress of the landfill.

The appellant filed an opposition to the motion arguing, as he did in his opposition to the Parish's motion, that the photograph on which the appellant

identified the potholes that caused the accident, does not show the distance of the potholes from U.S. Highway 90. The appellant again took issue with the findings of the defendants' expert, Mr. Lambert, claiming that his findings were not based on personal knowledge and were not accurate. The appellant also explained that he had recently filed a supplemental petition making additional allegations of liability against River Birch to include allegations of garde. The appellant's request to continue the hearing on the motion for summary judgment was granted and the appellant took the deposition of Mr. Lambert.

On October 17, 2022, the appellant filed a supplemental opposition to the motion for summary judgment filed by River Birch, arguing that Mr. Lambert's affidavit was not based on personal knowledge and was impeached by his deposition testimony. In support of his argument that River Birch had garde over the area where the potholes alleged to have caused the accident are located, the appellant attached his own affidavit, attesting that the only way to access the River Birch landfill is via South Kenner Avenue. He attested that he has used this road on many occasions and observed River Birch employees repairing holes on the roadway. He argued that this indicates that River Birch maintained garde over South Kenner Avenue. In addition, the appellant attached the affidavits of Darren Robinson, who attested that he has regularly delivered waste to River Birch and observed River Birch employees "filling" potholes "in the turn off area from Highway 90 onto South Kenner Road." An affidavit by Jerry F. Curtis, Jr., who attested that he regularly delivers dumps to River Birch landfill, and that he has observed River Birch employees filling potholes in an area "within approximately 10 to 20 feet from the turn off from Hwy. 90 as well as further down South Kenner Road, closer to the River Birch Landfill entrance," was also attached to the opposition. In further support of his argument, the appellant attached the response to requests for admission from River Birch admitting that on certain occasions,

including during 2018 and 2019, River Birch employees filled potholes on the main roadway of South Kenner Road. The appellant also attached excerpts of the 1442 deposition of River Birch corporate representative, Andrew Bordelon, who testified that River Birch employees performed maintenance work in the nature of filling holes on South Kenner Road in 2018 and 2019. The appellant argued that Mr. Bordelon's affidavits and deposition of established that River Birch undertook a duty to maintain the roadway. He argued that because Mr. Bordelon could not identify the location of the potholes filled by River Birch, there is a material issue of fact as to the location of the potholes patched by River Birch, and that River Birch was not entitled to summary judgment.

On October 26, 2022, River Birch filed a supplemental reply memorandum in support of its motion for summary judgment, arguing that Mr. Lambert's survey is uncontroverted evidence of the position of the potholes on the property of the Highway 90 right-of-way, and therefore, there is no basis to impose garde upon River Birch for this property. River Birch asserted that the appellant has no evidence to establish that it has a duty to maintain or otherwise ensure the safety of the roads, medians, or shoulder of U.S. Highway 90. River Birch contends that the appellant's reliance on its decision to sporadically fill potholes on the main area of South Kenner Road does not give rise to garde. River Birch did not attach any exhibits to its supplemental reply memo.

At the hearing on its motion for summary judgment, River Birch argued that it repaired some potholes "in the middle of the road" to protect the vehicles of its employees who drove on the road. River Birch argued that if there were "dual garde" over the area of the potholes identified by the appellant, there has to be something in the public record to show that the party with the dual garde has "some sort of responsibility or ability to be able to modify, or to destroy, or to

recreate, or to redirect the road at issue." Because there is no evidence that River Birch had such authority, it asserts that it did not have dual garde.

In response, the appellant argued that River Birch kept no records of which potholes were repaired or when they were repaired. The appellant pointed to the affidavits of the appellant and two other truck drivers who attested that they observed River Birch employees repairing the potholes on numerous occasions. The appellant admitted that the potholes repaired by River Birch were located on South Kenner Road and not on the Highway 90 right-of-way.

During the argument, counsel for River Birch stated that he would like to "offer, file and introduce River Birch's Motion for Summary judgment, the Memorandum in support, as well as all exhibits" that have been filed on "behalf of all the parties." The appellant pointed out, as he had argued in his opposition, that River Birch had not attached any exhibits to its motion for summary judgment. The trial judge then asked counsel for River Birch what exhibits he had in support of the motion, to which counsel responded "we adopted and referenced all the exhibits filed by Jefferson Parish." The appellant's counsel objected to incorporating exhibits to another motion into River Birch's motion, again stating that in his opposition, the appellant pointed out that River Birch did not attach any exhibits to its motion. Counsel for River Birch then stated that this was done for "judicial economy and efficiency to try to not pollute the record with too many exhibits." The trial court then asked counsel for River Birch which exhibits he wanted to adopt, to which counsel replied, the Parish's exhibits one to four. The trial court accepted the exhibits.

At the time of the hearing on the motions for summary judgment at issue in this appeal, La. C.C.P. art. 966D(2) provided that in ruling on a motion for summary judgment "the court may consider only those documents filed in support of or in opposition to the motion for summary judgment." However, effective

August 1, 2023, the Louisiana legislative amendment to La. C.C.P. art. 966D(2), which provides: "the court shall consider only those documents filed **or referenced** in support of or in opposition to the motion for summary judgment," went into effect.

The 2023 comments to La. C.C.P. art. 966 states that the amendment to Subparagraph (D)(2) contains "only slight changes in phraseology. The amendment is not intended to make substantive changes to the law." La. C.C. art. 6 provides that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively unless there is a legislative expression to the contrary."

Because there is no expression by the legislature regarding the prospective or retroactive application of the amendment, first, we must examine the legislative intent regarding retroactive or prospective application of the phrase "or referenced." While the 2023 comments to La. C.C.P. art. 966 states that the amendment to Subparagraph (D)(2) contains "is not intended to make substantive changes to the law," we are cognizant that these comments are not the law, however, they are helpful in discerning legislative intent. Carollo v. Dep't of Transportation & Dev., 21-01670 (La. 9/1/22), 346 So.3d 751, 762. Our Supreme Court has instructed that legislative language should be interpreted on the supposition that the legislature was aware of existing statutes, the rules of statutory construction, and with knowledge of the effect of their acts and with a purpose in view. Id. The Court has further instructed that when courts have "a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter." Id. The express purpose of the summary judgment procedure set forth in C.C.P. art. 966 is to

"secure the just, speedy, and inexpensive determination of every action," except those in which it is disallowed. The article goes on to proclaim that this procedure "is favored and shall be construed to accomplish these ends." Adding the phraseology "or referenced" to the statute, promotes the purpose of efficiency of the procedure by allowing a party to reference documents already contained in the record, which meet the criteria of supporting documents as defined in C.C.P. art. 966, rather than having to attach the same documents that are already in the record to their motion. We find this is a procedural change to the statute, which in the interest of judicial economy, should be applied retroactively in this case.[5] At the hearing of this matter, River Birch clearly stated that the Parish's exhibits one through four supported its opposition to the appellant's motion for summary judgment. These documents were in the record and accepted into the evidence by the trial court at the hearing on the motion for summary judgment.[6] Accordingly, our *de novo* review includes the Parish's exhibits, which River Birch referenced during the motion hearing.

As discussed above, the documents submitted by the Parish and referenced by River Birch include the deposition testimony of the expert surveyor, Mr. Lambert, as well as the survey which identifies the location of the potholes. River Birch contends that Mr. Lambert's survey is uncontroverted evidence of the

---

[5] Cf. Ricketson v. McKenzie, 23-0314 (La. App. 1 Cir. 10/4/23), 2023 WL 7037495, in which the First Circuit found that because the 2023 amendment to La. C.C.P. art. 966D(2) changed the law by creating an alternative means by which a party may have their documents supporting and opposing the motion for summary judgment, that this amendment is substantive.

[6] We recognize that the 2023 revisions to C.C.P. art. 966 added section A(4)(b) stating: "Any document listed in Subsubparagraph (a) of this Subparagraph previously filed into the record of the cause may be specifically referenced and considered in support of or in opposition to a motion for summary judgment by listing with the motion or opposition the document by title and date of filing. The party shall concurrently with the filing of the motion or opposition furnish to the court and the opposing party a copy of the entire document with the pertinent part designated and the filing information." In order to conform with the goals of the summary judgment procedure, in this particular case, we will consider the documents relied on by River Birch because the record is clear that these documents had been furnished to the court and the opposing party.

position of the potholes on the property of the Highway 90 right-of-way, and therefore, there is no basis to impose garde upon River Birch for this property.

In opposition, the appellant argued that River Birch has repaired potholes on South Kenner Road. In support of this contention, the appellant attached an affidavit from the appellant, Mr. Johnson, as well as two other truck drivers who regularly deliver waste to River Birch and who have observed River Birch employees filling potholes in the area of the intersection of Highway 90 and South Kenner Road. The appellant also attached the response to requests for admission from River Birch in which it admitted that in 2018 and 2019, River Birch employees filled potholes on South Kenner Road. In addition, the appellant attached excerpts of the 1442 deposition of River Birch corporate representative, Andrew Bordelon, who testified that River Birch employees performed maintenance work in the nature of filling holes on South Kenner Road in 2018 and 2019. The appellant argued that because Mr. Bordelon could not identify the location of the potholes filled by River Birch, there is a material issue of fact as to the location of the potholes patched by River Birch, and that River Birch was not entitled to summary judgment.

As discussed *supra*, if the mover on summary judgment will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion requires that he point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Here, in their motion for summary judgment, River Birch pointed out to the court that it had evidence to show that the potholes which the appellant alleges caused the accident were located on the Highway 90 right of way. At that point the burden shifted to the appellant to produce factual support sufficient to establish the existence of a genuine issue of

material fact. The appellant did this by introducing competent evidence that River Birch repaired potholes on and around South Kenner Road. Thus, there is a material issue of fact as to whether River Birch's actions of maintaining the roadway are sufficient to prove that River Birch had garde over the area where the potholes alleged to have caused the plaintiff's accident are located.[7] Accordingly, the trial court erred in granting River Birch's motion for summary judgment, dismissing the appellant's claims against River Birch with prejudice.

## CONCLUSION

For the foregoing reasons, the trial court judgment granting summary judgment in favor of the defendant, the Parish of Jefferson, dismissing the claims of Ronald Johnson with prejudice is affirmed. The trial court judgment granting summary judgment in favor of the defendant River Birch, LLC, dismissing the claims of Ronald Johnson with prejudice is reversed. This matter is remanded for further proceedings as to the appellant's claims against River Birch, LLC.

### AFFIRMED IN PART; REVERSED IN PART; REMANDED

---

[7] In ruling on a motion for summary judgment, reasonable factual inferences must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, supra, 775 So.2d at 1050.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 20, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-21

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
CATHERINE HILTON (APPELLANT)      RON A. AUSTIN (APPELLANT)      DEBORAH A. VILLIO (APPELLEE)
JAMES C. RAFF (APPELLEE)      MICHAEL L. FANTACI (APPELLEE)      ROBERT L. RAYMOND (APPELLEE)
WM. DAVID COFFEY (APPELLEE)

### MAILED
MICHAEL J. MADERE (APPELLEE)
PHILIP E. RESO (APPELLEE)
SCOTT S. MCCORMICK (APPELLEE)
ATTORNEYS AT LAW
909 POYDRAS STREET
SUITE 3000
NEW ORLEANS, LA 70112